Mildred HOHENSEE et al., Plaintiffs,

v.

Albert L. WATSON et al., Defendants.

Civ. A. No. 6016.

United States District Court
M. D. Pennsylvania.

Nov. 11, 1959.

Mildred Hohensee, pro se, for plaintiffs.

Daniel H. Jenkins, U. S. Atty., Scranton, Pa., for defendants, Albert L. Watson, Julius Levy and Stephen Teller.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendant George Clark.

FOLLMER, District Judge.

The plaintiffs in this action [1] are Mildred Hohensee, Richard Roe No. 1 and Richard Roe No. 2. The defendants are listed as follows: Albert L. Watson; American Medical Association, its officers and members, John Doe No. 1 through No. 4; J. Julius Levy; Stephen Teller; George Clark, and John Doe No. 1 through No. 3.

The complaint alleges that the action is brought under 15 U.S.C.A. § 15 [2] and in it the plaintiffs seek treble damages in the sum of Ten Million Dollars. The complaint further alleges "The grounds upon which the jurisdiction of this Court depends is that this is an action to protect trade and commerce against restraints and monopolies."

The complaint is captioned "Conspiracy To Murder Adolphus Hohensee and Waiver of Murder Responsibility."

[1]. This is one of a group of six cases filed in this Court by Adolph Hohensee or Mildred Hohensee, his wife, as follows: No. 5860 on February 25, 1957; No. 5869 on March 4, 1957; No. 5897 on April 10, 1957; No. 5949 on May 17, 1957; No. 5972 on June 24, 1957, and No. 6016 on July 30, 1957. They all stem from, and have a direct relation to, the conviction, sentence and imprisonment in and by this Court of the said Adolph Hohensee of misbranding of drugs in interstate commerce. See United States v. El Rancho Adolphus Products, Inc., et al., 1956, D.C.M.D.

Pa., 140 F.Supp. 645, affirmed United States v. Hohensee, 3 Cir., 243 F.2d 367.

[2]. The referred to section of the Clayton Act, to wit: 15 U.S.C.A. § 15, reads as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

The complaint further alleges that at all times mentioned in the complaint plaintiffs were engaged in the business of lecturing and selling products in interstate commerce. The complaint further alleges that the conspirators named as defendants in order to destroy and impoverish plaintiff, Mildred Hohensee, have done the unlawful acts therein complained of, namely, doping and drugging Adolphus Hohensee, husband of plaintiff Mildred Hohensee, while serving a sentence in Federal Penitentiary,[3] plotting to murder the said Adolphus Hohensee with narcotics; that the conspirators caused the wrongful conviction of said Adolphus Hohensee, resulting in a sentence of one year and one day in a federal penitentiary, for sending pure, wholesome and unadulterated food items such as whole wheat from Scranton, Pennsylvania, to Denver, Colorado; that as a result of said conspiracy in restraint of trade, plaintiff was directly injured and damaged in her business, profession, or otherwise, as follows: cancellation of leases for lectures in various auditoriums, was slandered and defamed, suffered destruction of personal property, suffered physical pain and mental anguish and monetary loss resulting from the physical and mental torture and wrongful confinement of her innocent husband, and other wrongs and injuries done to plaintiff.

American Medical Association was not served with process.

Defendants Albert L. Watson, J. Julius Levy, Stephen Teller and George Clark have filed motions to dismiss on the grounds: (1) lack of jurisdiction of the subject matter; (2) lack of jurisdiction of the persons, and (3) failure to state a claim on which relief can be granted.

Defendant Clark also filed motion to strike the complaint on the grounds: (1) allegations of complaint are impertinent and scandalous; (2) allegations of complaint are so absurd and preposterous that they constitute an affront to the dignity of this Court and represent a gross abuse of a plaintiff's privilege to bring suit in a court of law.

Plaintiff, Mildred Hohensee, filed an affidavit of bias and prejudice against Honorable John W. Murphy, Chief Judge of this Court, whereupon the case was transferred to the writer of this Memorandum and Order.

██ For the reasons stated by this Court in Hohensee v. Goon Squad et al., 1959, 171 F.Supp. 562, the motions to dismiss must be granted on the ground that plaintiffs have failed to state a claim on which relief can be granted.[4]

██ I further conclude that the complaint should be stricken from the record as scandalous.[5]

Motions to dismiss the complaint and to strike it from the record are granted.

A large number of motions were filed by plaintiffs. In the light of the above mentioned Memorandum, most of the motions, in any event, would be moot.[6]

All motions filed by plaintiffs are denied.

---

3. The facts of the case referred to in which Judge Watson was the sentencing Judge and J. Julius Levy and Stephen A. Teller were the United States Attorney and Assistant United States Attorney in charge of the prosecution, respectively, are fully set forth in United States v. El Rancho Adolphus Products, Inc., et al., 1956, D.C.M.D.Pa., 140 F.Supp. 645.

4. The Court takes judicial notice of the fact that at all times pertinent hereto defendants Albert L. Watson, J. Julius Levy and Stephen Teller were respectively United States District Judge, United States Attorney and Assistant United States Attorney for the Middle District of Pennsylvania and would not, in any event, be subject to this action. See Barr v. Matteo et al., 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons et al., 1959, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454.

5. A. B. v. C. D., 1940, D.C.E.D.Pa., 36 F. Supp. 85.

6. Some motions asked for injunctive relief with relation to Hohensee's incarceration. A certificate was filed by the Warden of the Medical Center for Federal Prisoners, Springfield, Missouri, to the effect that Hohensee was discharged from the Medical Center by maximum expiration of sentence on April 13, 1958, thus rendering the pertinent motions moot.