Sherman H. SKOLNICK, Plaintiff-Appellant,

. v.

Albert E. HALLETT and Harry G. Fins, Defendants-Appellees.

No. 14779.

United States Court of Appeals Seventh Circuit.

July 14, 1965.

Sherman H. Skolnick, pro se.

Harry G. Fins, pro se.

Daniel P. Ward, State's Atty., Ronald Butler, Asst. State's Atty., Chicago, Ill.,

for defendant-appellee Albert E. Hallett; Edward J. Hladis, Chief of Civil Div., of counsel.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

PER CURIAM.

Plaintiff has appeared *pro se* throughout this litigation including the presenting of the oral argument.

Defendant Hallett is a judge of the Circuit Court for Cook County, Illinois. Defendant Harry G. Fins is a long-time member of the Illinois Bar with offices in the city of Chicago, Illinois.

Plaintiff's complaint charges that defendants conducted a "kangaroo court" with him as a victim. Plaintiff complains that in a state court proceeding, the defendants intimidated and slandered him.

 The basis for many of the charges against defendants is that Judge Hallett had no jurisdiction to hold court on April 14, 1964, which was primary election day in Cook County, Illinois. Plaintiff was wrong in this assumption. Ill.Rev.Stats.1963, Chap. 46, Sections 2–12 and 17–25. Richter v. Chicago & Erie Railroad Co., 273 Ill. 625, 113 N.E. 153.

The District Court found and held that the complaint failed to state a claim upon which relief could be granted, and should be dismissed.

The District Court also found and held the complaint was replete with scurrilous, offensive and objectionable allegations principally leveled at Judge Hallett, and should not be permitted to remain of record.

We agree that the complaint did not state a claim upon which relief could be granted, and under Rule 12(f) of Federal Rules of Civil Procedure, the District Court was fully warranted in striking the complaint.

There is a marked similarity between the complaint in this case and the complaint in No. 14878, Peter S. Sarelas v. John J. Lupe. From the record in this case it appears that Sarelas has acted as attorney for plaintiff. In case No. 14878, the charge was that state court Judge Lupe had held a "kangaroo court." Many paragraphs of the complaint in Sarelas are identical or substantially identical with paragraphs in the complaint in the case at bar. The Sarelas case was affirmed from the bench on May 25, 1965.

The complaint in the instant case is entirely without merit.

The judgment of the District Court is Affirmed.