**Rafael M. BERTUCELLI, Plaintiff-Appellant,**

**v.**

**Gerald F. CARRERAS et al., Defendants-Appellees.**

**Rafael M. BERTUCELLI, Appellant,**

**v.**

**Gerald F. CARRERAS et al., Appellees.**

**Nos. 25230, 26830.**

United States Court of Appeals, Ninth Circuit.

Aug. 8, 1972.

Jack Siedman (argued), James R. White III, San Francisco, Cal., for appellant.

Neil D. Reid (argued), Thomas C. Lynch, Atty. Gen. (argued), H. L. Cannon, Deputy City Atty. (argued), Thomas M. O'Connor, City Atty., Bledsoe, Smith, Cathcart, Johnson & Rogers, and John R. Swendsen (argued), San Francisco, Cal., for appellees.

Before ELY and HUFSTEDLER, Circuit Judges, and BYRNE, District Judge.*

* Honorable William M. Byrne, Jr., United States District Judge, Central District of California, sitting by designation.

**PER CURIAM:**

Bertucelli appeals from the District Court's dismissal of his action seeking redress under 42 U.S.C. §§ 1983, 1985 for alleged infringements of his civil rights.[1] He advances numerous grounds for reversal. At this time, however, we need consider only one, for we believe Bertucelli correctly contends that he was wrongfully denied an opportunity to amend his complaint before the action was dismissed.

The District Court dismissed the action for two reasons, only one of which is now of importance. Upon defendants' motions, it had ordered Bertucelli's complaint stricken because it did not comply with Rules 8(a) and 11,[2] Fed.R.Civ.P.[3] That Order was proper on both grounds.

■■ There was a clear noncompliance with the requirements of Rule 8(a); the complaint was prolix and unintelligible. It was equally obvious that Bertucelli failed to comply with Rule 11. Allegations in the complaint, critical to one claim, were conclusively shown, by state court records, to be false.[4] The District Court was therefore fully justified in concluding, as it did, that Bertucelli's then attorney signed the complaint with the intent to defeat the purpose of Rule 11. *See* 5 Wright & Miller, Federal Practice and Procedure § 1334 (1969).

■ Despite the defective pleading, we have concluded that the District Court dismissed the action prematurely. We see no difference, in purpose and effect, between an order striking an entire pleading and a dismissal order predicated upon fatally defective pleading. *See* Skolnick v. Hallett, 350 F.2d 861 (7th Cir. 1965); 2a Moore's Federal Practice ¶ 8.13. Such orders are not favored (*Id.* at ¶¶ 8.13, 12.21), but when they are made, ample opportunity for amendment should be provided in all except the most unusual cases. *See* III Moore's Federal Practice ¶ 15.10.

■ This is not one of those unusual cases. In the circumstances here, the District Court should have allowed Ber-

---

1. Initially, Bertucelli sought damages from 11 named and 12 unnamed defendants. We have previously dismissed his appeal as to eight of the named defendants. Seven were dismissed upon Bertucelli's motion at oral argument; one was dismissed because Bertucelli failed to appeal from the District Court's order of dismissal in favor of that defendant.

2. In pertinent part, Rule 8(a) provides: "A pleading which sets forth a claim for relief . . . shall contain . . . (2) *a short and plain statement of the claim* . . . ." (Emphasis added.) Rule 11 provides:
   "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . . The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is *not interposed for delay.* If a pleading is . . . signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served."

3. Its other justification was a ruling that, as to several of the defendants, Bertucelli had failed to state a claim upon which relief could be granted because those defendants were immune from liability for the consequences of the acts they performed in a judicial or quasi-judicial role. We are no longer concerned with the correctness of that decision because all of the defendants covered by it were dismissed from this appeal upon motion of Bertucelli's present attorney.

4. Bertucelli alleged "on information and belief" that the warrant issued to secure his arrest was not signed by a magistrate, as is required by California law. Cal. Pen. Code § 814 (West 1970). In this situation, since that information was a matter of public record and not something peculiarly within the knowledge of the defendants, pleading on information and belief was improper. *See* Carroll v. Morrison Hotel Corp., 149 F.2d 404, 406 (7th Cir. 1945). Consequently, the equivocal form of the allegation does not provide any defense to a charge that that part of the complaint was false within the meaning of Rule 11.

tucelli at least one opportunity to correct his defective complaint.[5]  *Cf.* Griffin v. Locke, 286 F.2d 514 (9th Cir. 1961).

Reversed.

5. At the hearing on the appellees' motion to strike and dismiss the complaint, Bertucelli was unrepresented by counsel. His attorney was unable to appear, apparently because of illness. Bertucelli's request for a one week continuance was denied by the District Court.