**Steven CARONE, Plaintiff,**

**v.**

**Patrick WHALEN, Superintendent; Dennis Faulk, Unit Manager; Dawn Ranck, Case Manager; Thomas Slodysko, Case Manager; All of Allenwood, FPC, in the Official & Individual Capacities, Defendants.**

**Civ. No. 87–1328.**

United States District Court, M.D. Pennsylvania.

July 29, 1988.

---

Steven Carone, Montgomery, Pa., pro se.

Wayne P. Samuelson, Asst. U.S. Atty., Lewisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Pending before this Court is Defendants' motion to strike the entire complaint filed in this matter and a request for sanctions. *See* Federal Rules of Civil Procedure 11 and 12(f). Plaintiff has filed a brief in opposition to which counsel for the Defendants has replied. Doc. Nos. 7, 8, 9, and 10. Furthermore, Plaintiff has requested the addition of another party to the named Defendants and has moved for default judgment. Doc. Nos. 11 and 13. The Defendants have filed a reply to each of the motions. After reviewing this matter, this Court finds merit in the Defendants' request and shall strike the complaint in toto.

## FACTUAL BACKGROUND

Plaintiff is presently incarcerated at a community treatment center in Hartford, Connecticut, but was an inmate at the Allenwood Federal Prison Camp at the time of the allegations made in his complaint.[1] This is one of several actions pending before this Court in which Plaintiff accuses prison officials of violating his constitutional rights.[2] In the instant case, Plaintiff accuses prison officials of withholding information and falsifying his prison records. Relief is sought in the form of monetary compensation from various named individuals ranging from $50.00 to $100,000.00.[3]

---

1. Although Petitioner is obligated to maintain a current address with the Clerk of Courts Office, it was Counsel for the Defendants who supplied Plaintiff Carone's change of address in another case pending before us. *See Carone v. Whalen,* Civil No. 87–1013, slip op. (M.D.Pa. July 29, 1988) (Conaboy, J.).

2. Plaintiff is a litigious inmate who has filed at least 12 cases against prison officials in the Middle District of Pennsylvania:
*Carone v. Carpenter, et al.,* Civil No. 86–0130, *affirmed,* 826 F.2d 1054 (3d Cir.1987);
*Carone v. UNICOR, et al.,* Civil No. 86–1383;
*Carone v. Carlson,* Civil No. 86–1478, slip op. (M.D.Pa. July 27, 1988);
*Carone v. Moyer, et al.,* Civil No. 86–1479;
*Carone v. Whalen,* Civil No. 87–0198; *affirmed,* 833 F.2d 303 (3d Cir.1987);
*Carone v. Larry,* Civil No. 87–0419, *affirmed,* 845 F.2d 1010 (3d Cir.1988);
*Carone v. Whalen,* Civil No. 87–0832; *affirmed,* 845 F.2d 1010 (3d Cir.1988);
*Carone v. Dellamare, et al.,* Civil No. 87–0893;
*Carone v. Whalen, et al.,* Civil No. 87–1013, slip op. (M.D.Pa. July 29, 1988);
*Carone v. Whalen, et al.,* Civil No. 87–1328;
*Carone v. Whalen, et al.,* Civil No. 87–1510, slip op. (M.D.Pa. July 27, 1988);
*Carone v. Quinlan, et al.,* Civil No. 87–1592, slip op. (M.D.Pa. July 27, 1988).

3. We note that in the four *Bivens* cases filed by Carone currently ripe for consideration, he has stressed the fact that he only seeks monetary relief. *Carone v. Carlson, et al.,* Civ. No. 86–1478, slip op. (M.D.Pa. July 27, 1988) (Compensatory and punitive damages for mistreatment and removal from prison employment); *Carone v. Quinlan, et al.,* Civ. No. 87–1592, slip op. (M.D.Pa. July 27, 1988) (Defendants conspired to force payment of Inmate Financial Responsibility Program assessment of $50.00); *Carone v. Whalen, et al.,* Civ. No. 87–1013, slip op. (M.D.Pa. July 29, 1988) (Monetary relief for denial of furlough), and the instant matter of *Carone v. Whalen,* Civ. No. 87–1328 (Compensatory and punitive damages for the failure on the part of prison officials to forward documents to Parole Commission). By doing so, however, it is clear that Plaintiff is attempting to circumvent the exhaustion requirements of *Bivens* type actions. *Muhammad v. Carlson,* 739 F.2d 122 (3d Cir.1984); *Durham v. Edwards,* Civ. No.

After in forma pauperis status was granted and the complaint issued, the Defendants filed a motion to strike the complaint in toto with a supporting brief. Plaintiff responded by filing an opposition brief, a request to add another party and a motion for default judgment. Defendants replied to each of these requests and no further pleadings have been filed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides in relevant part that:

> ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

"Scandalous matter" has been defined as "that which improperly casts a derogatory light on someone, most typically on a party to the action." 5 Wright and Miller, *Federal Practice and Procedure*, Civil, Section 1382 at 826 (footnote omitted). *See also Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116 (D.C.PR 1972). "Scandalous pleading for purposes of Rule 12(f) must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'" *See* Doc. No. 8 at 4, quoting *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J.1984), citing 2A *Moore's Federal Practice*, Section 12.21 at 2426.

Although the invocation of Fed.R.Civ.P. 12(f) to strike an entire complaint is rare, especially in *pro se* matters, such an action is not unknown. *Ex Parte Tyler*, 70 F.R.D. 456, 457 (E.D.Mo.1976), citing *Hohensee v. Watson*, 188 F.Supp. 941 (M.D.Pa.1959), *aff'd*, 283 F.2d 950 (3d Cir.1960); *Skolnick v. Hallet*, 350 F.2d 861 (7th Cir.1965); *See also, Agran v. Isaacs*, 306 F.Supp. 945 (D.C.Ill.1969); *Theriault v. Silber*, 574 F.2d 197 (5th Cir.1978), *cert. denied*, 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 648.

## DISCUSSION

Plaintiff accuses Allenwood officials of failing to forward favorable information to the United States Parole Commission and improperly maintaining his prison file. It is Plaintiff's belief that the named Defendants "abused their discretion" in not maintaining copies of particular documents in his Central File and by categorizing those documents as exempt from the Freedom of Information Act.

In response, the Defendants have requested the disposition of this case for primarily two reasons. First, it is argued that the entire complaint is vexatious in nature and "falls squarely within the definition of 'immaterial, impertinent and scandalous matter.'" Doc. No. 8 at 3, quoting 5 Wright and Miller, *Federal Practice and Procedure*, Civil, Section 1382 at 806 (1973). Second, in arguing that the Plaintiff should not be given an opportunity to amend, the Defendants assert that the claims made are unfounded and that Rule 11 sanctions should be imposed.

In support of Defendants' first argument, specific portions of Carone's complaint are recited. The following passage was submitted as a representation of the overall malicious tenor of the initial pleading:

> ... The BOP intentionally trains its personnel to systematically subvert the civil rights of inmates. Therefore, Whalen and Faulk, although not proven to be directly involved in the instant action, are indeed involved in the training of their staff in the ways of subverting inmates' rights. In another action before this court Whalen authorized the stealing of inmates' mail, (Plaintiff Carone's), and this court ruled it was Whalen's job to authorize the stealing of mail and was expected of him. Carone has still not received his mail, after over 7 months. This court has also ruled that probation officers may perjure themselves in affidavits and has, so far, allowed any defendant in a Carone case to proffer perjured testimony with court implied immunity. Plaintiff understands the "good old boy" theory of law used by Judge Conaboy, and only points the above out because plaintiff wishes this court to know that the defendants are trained,

87–0602, slip op. (M.D.Pa. June 16, 1987 Muir, J.).

rewarded and their subversive civil rights actions are condoned by this court. Therefore the court cannot deny that the defendants actively practice, with the court's permission, the above mentioned subversive tactics. Over seven perjured affidavits have been filed in cases against plaintiff Carone with the courts' explicit grant of immunity, and/or implied grant of immunity.

Complaint, Doc. No. 1 at 4.

After reviewing the complaint, we are in agreement with the Defendants' observations. However, if there was any doubt to our decision, such hesitation was lost upon receiving the Plaintiff's reply brief. On the first page, Carone states:

> Never in my limited experience with the federal courts have I encountered such a sniveling, whining individual such as (Assistant United States Attorney Wayne P.) Samuelson.

Plaintiff persists in attacking Attorney Samuelson by branding him a liar, accusing him of perjury and requesting that he be "censured for his outrageous behavior." Doc. No. 9.

■ We find that the disrespect and nefarious conduct illustrated by the Plaintiff in this matter is the culmination of a vengeful and vindictive temperament evident throughout Carone's pleadings. At some point, Plaintiff Carone must take some responsibility for his actions and this is both the appropriate time and proper signal which can be conveyed by this court.[4] We shall, therefore, strike the complaint in toto under Fed.R.Civ.P. 12(f).

Furthermore, in the case of *Carone v. Whalen*, Civ. No. 87–1510, slip op. at 3 (M.D.Pa. July 27, 1988), the basic issue presented here, whether the Defendants improperly maintained and withheld information from Plaintiff's Central File, was addressed by this court. Although our July 27th decision concerned Plaintiff's request for habeas corpus relief, the reasoning presented there is applicable to this case. Specifically, this court found that:

... all indications point to the fact that the information provided by the Petitioner has been considered by the Parole Commission. The "new matters" which the Petitioner believes worthy of reopening his case is information that was available to the Parole Commission and presented by the Carone at an interim hearing in November of 1987.

From the information submitted by *both* parties, it has become evident that the materials in dispute in no way exonerate the Petitioner. *See* Doc. No. 11, *in camera* submission. Some of the documents are over three years old and had been in the Petitioner's file for quite some time. The Commission did not abuse its discretion by failing to reopen the Petitioner's case since (1) a fair reading of the material demonstrates that it would not merit such an action under 28 C.F.R. § 2.28, and (2) all the documents were available to the Commission at some point in the administrative review process but had no affect on the ultimate outcome.

The "new matters" Plaintiff believed would merit the reopening of his case was the disputed documentation presented in this matter. We found his allegations to be lacking in merit at that time and we see no justification to alter that decision. The Defendants did not violate Plaintiff's due process rights under the Constitution nor breach the Freedom of Information Act in maintaining the Plaintiff's Central File.

---

**4.** Since the steady stream of litigation filed by the Plaintiff has ceased after Carone was removed from the jurisdiction of the Middle District of Pennsylvania, we see no need to impose Rule 11 sanctions as requested by the Defendants.