963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AGRA-ASSOCIATES, INC., Plaintiff/Counterclaim Defendant-Appellant,
v.
PACIFIC SCIENTIFIC COMPANY, Defendant/Counterclaimant-Appellee.
 No. 90-35668.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1992.*
Decided May 1, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 Agra-Associates, Inc. (Agra) appeals the district court's affirmance of a magistrate judge's order denying Agra leave to file a second amended complaint. Agra contends that it did not unduly delay in amending its complaint and that the amendment would not prejudice appellee Pacific Scientific Company (Pacific). Agra also appeals the district court's grant of summary judgment to Pacific. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Pacific manufactures Near Infra Red (N.I.R.) agricultural feed testing equipment. Agra contracted with Pacific in May of 1984 to be Pacific's exclusive N.I.R. sales representative in California, Washington, Oregon, Idaho, and Montana. Agra made no sales between May and November 1984. On November 1, 1984, Pacific wrote to Agra to inform it that the sales agreement was cancelled. Pacific subsequently entered into a nonexclusive sales agreement with Agra for the territories of Washington, Oregon, Idaho, and Montana, which was later terminated.
 
 
 3
 Agra filed suit against Pacific on October 14, 1988 on the theory that Pacific breached its contract obligations by terminating its sales agreements with Agra. The parties conducted written discovery in January and February of 1989. The court denied Pacific's motion for summary judgment on Agra's breach of contract claim, finding a factual dispute as to whether Pacific gave Agra ninety days notice of termination as required by the contract.
 
 
 4
 After receiving several extensions of the discovery cut-off deadline, Agra deposed Pacific officials Michael Evans and David Selman in late October, 1989. The parties each filed proposed pretrial orders on November 6, 1989. At that time Agra moved to file a second amended complaint. This complaint contained new allegations that the N.I.R. equipment provided to Agra "did not report modified crude fiber in accord with reporting techniques then known and accepted within the State of California." Agra alleged that Pacific breached its contract obligations in eleven different ways, eight of which centered on Agra's new assertion that the N.I.R. equipment did not conform to California's standards for reporting modified crude fiber.
 
 
 5
 The magistrate judge denied Agra leave to amend its complaint because Agra's amendment was not based on newly discovered information and would prejudice Pacific. The district court affirmed this ruling. The district court subsequently granted Pacific's motion for summary judgment on the ground that Agra received ninety days' written notice of termination as required by the contract.
 
 DISCUSSION
 
 6
 A. Amendment of complaint.
 
 
 7
 In general, leave to amend a complaint should be freely given. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In determining the propriety of a motion for leave to amend, we consider "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987). Agra's failure to raise its claims regarding the capabilities of the N.I.R. equipment earlier in the proceedings constitutes undue delay. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809 (9th Cir.1988). Agra admits that documents obtained from Pacific as early as February 1989 demonstrated Pacific's early knowledge of the crude fiber reporting problem. Moreover, Agra's own officers knew of the problem even earlier. Well before the depositions of Pacific officials, Agra could have formed a well-grounded belief that Pacific knew of saleability problems with its N.I.R. equipment. See Fed.R.Civ.P. 11; Bertucelli v. Carreras, 467 F.2d 214, 215 n. 4 (9th Cir.1972) (pleading on information and belief is appropriate when information is peculiarly within the knowledge of the defendants). Furthermore, Agra's delay in amending its complaint would change the whole nature of the case and prejudice Pacific, which had no opportunity to conduct discovery on the crude fiber reporting issue. See McGlinchy, 845 F.2d at 809.
 
 
 8
 B. Grant of Summary Judgment.
 
 
 9
 The district court did not err by granting summary judgment to Pacific. The deposition testimony of Agra's president shows that Agra received ninety days notice of termination as required by the contract. While Agra contends that Pacific did not terminate the sales agreement by November 15, 1984, Agra does not contest the finding that the letter of termination was sent on November 1, 1984. Testimony by Agra's witnesses that the letter was not received until late December or early January is not sufficient to create a genuine dispute of fact, particularly in light of Oregon's statutory presumption that "[a] letter duly directed and mailed was received in the regular course of the mail."[1] Or.Rev.Stat. 40.135(1)(q). See Or.Rev.Stat. 40.120 (party must prove that "nonexistence of the presumed fact is more probable than its existence"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (a genuine factual dispute exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").
 
 
 10
 Nor is there a genuine factual dispute as to whether Agra complied with the forecasts of the May 1, 1984 agreement by achieving "orders" that did not ripen into sales. Even if that bizarre reading of the contract were accepted, Agra's president could not recall the exact number of orders or the names of the parties that allegedly placed orders, nor was he sure that he had copies of the orders. This evidence was not enough to defeat summary judgment. See Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.
 
 
 11
 While this is certainly a borderline case, on balance we have determined that sanctions should not be imposed upon Agra. Fed.R.App.P. 38.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is noteworthy that Agra could not produce its received copy of this all-important letter