Nicholas A. GUZZINO, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 01–2921.

United States Court of Appeals,
Seventh Circuit.

Submitted March 7, 2002 *.

Decided March 7, 2002.

Before COFFEY, MANION, and
WILLIAMS, Circuit Judges.

ORDER

Nicholas Guzzino filed three docu-ments—all of them mislabeled collateral attacks under 28 U.S.C. § 2255—challeng-ing his 1991 convictions and sentences: (1) "Motion to Modify Defendant's Sentencing Judgment Order"; (2) "Motion Pursuant to Civil Procedure Rule 60(b)"; and (3) "Memorandum in Support of Writ of Ha-beas Corpus 28 U.S.C. § 2241." The dis-trict court dismissed the first two for lack of jurisdiction and struck the last from the record because Guzzino filed it in the wrong district. Although Guzzino chal-lenges all three rulings, we conclude that the notice of appeal was timely only as to the last and that the district court's ruling on it was proper.

After a jury trial in 1991 Guzzino was convicted in the Northern District of Indiana on various counts of racketeering, illegal gambling, and extortion in violation of 18 U.S.C. §§ 1951, 1952, 1955, & 1962(c) & (d). We affirmed Guzzino's convictions in October 1994, *United States v. Morga-no*, 39 F.3d 1358, 1380 (7th Cir.1994), and

---

* After an examination of the briefs and the record, we have concluded that oral argu-ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the Supreme Court denied his petition for a writ of certiorari in June 1995, *Palermo v. United States*, 515 U.S. 1133, 115 S.Ct. 2559, 132 L.Ed.2d 813 (1995). Almost two years later Guzzino filed a motion under § 2255 alleging nine errors regarding his convictions and sentences. The district court denied Guzzino's § 2255 motion, *United States v. Guzzino*, No. 2:97 CV 142, (N.D.Ind. Feb. 23, 1999) (unpublished order), and four months later we denied Guzzino's application for a certificate of appealability.

The following year Guzzino filed the first of his three submissions at issue here, his "Motion to Modify Defendant's Sentencing Judgment Order," which the district court construed as a second § 2255 motion. This motion, which Guzzino filed under the docket number from his 1990 criminal case, attacks the validity of his $185,000 fine. The district court dismissed the motion in January 2001, concluding that jurisdiction was lacking because Guzzino had already pursued one § 2255 motion and had not obtained permission from us before pursuing another. *See* 28 U.S.C. §§ 2244(b)(3), 2255 ¶ 8; *Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000).

After that dismissal Guzzino filed his "Motion Pursuant to Civil Procedure Rule 60(b)," arguing that the district court erroneously interpreted his "Motion to Modify" as a § 2255 motion and rearguing the merits of that earlier motion. In February 2001 the district court likewise dismissed this submission for lack of jurisdiction, and notice of the dismissal was sent to Guzzino on February 20. Some five months later Guzzino filed a "Motion to Expedite the Proceedings," claiming that he never heard from the court regarding the outcome of his "Rule 60(b)" motion despite writing to the clerk's office and having his daughter telephone the clerk's office. On July 24,

2001, the clerk again sent Guzzino notice of the court's ruling along with a copy of the docket sheet. Guzzino claims that he received this notice in August 2001.

In the meantime Guzzino tendered his third submission, this one labeled as a § 2241 petition but broadly attacking Guzzino's prison terms. As with Guzzino's two earlier filings, the district court docketed this motion under the number of the criminal case. Guzzino, however, was incarcerated at the Federal Correctional Institution in Marianna, Florida, so in June 2001 the district court struck this last submission because " § 2241 proceedings must be commenced in the district where [the prisoner is] in custody." Guzzino filed a notice of appeal in July 2001.

■ At the outset we note that the only issue properly preserved by Guzzino's July 2001 notice of appeal is his challenge to the striking of his purported § 2241 petition. When the United States is a party, a notice of appeal must be filed within sixty days of the entry of the order or judgment being appealed. Fed. R.App. P. 4(a)(1)(B). Thus, Guzzino waited too long to appeal the dismissals of his first two submissions in January and February 2001. Even Guzzino does not argue that his notice of appeal was timely as to his first submission, but he does argue that it was timely as to his second because he did not receive notice of that dismissal until August 2001. That argument necessarily fails because if Guzzino did not know about the dismissal until August, then he could not have intended to contest it with his July notice of appeal. In any event, even if we assume that Guzzino intended to appeal the "Rule 60(b)" motion, *see United States v. Dowell*, 257 F.3d 694, 698 (7th Cir.2001), we would still be without jurisdiction because Guzzino filed the notice of appeal well beyond sixty days after the dismissal, and Guzzino did not ask the district court to extend the

time to file an appeal, *see* Fed.R.Civ.P. 77(d); Fed. R.App. P. 4(a)(6); *In re Marchiando,* 13 F.3d 1111, 1114 (7th Cir.1994). Accordingly, we will disregard any arguments in Guzzino's briefs pertaining to the dismissals of his "Motion to Modify Defendant's Sentencing Judgment Order" and his "Motion Pursuant to Civil Procedure Rule 60(b)."

As for Guzzino's final submission, it is properly construed as a § 2255 motion despite his attempt to label it as a § 2241 petition. Motions under § 2255 challenge the validity of a prisoner's conviction or sentence, while petitions under § 2241 challenge the execution of the sentence, such as an unlawful deprivation of good-time credits. *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir.), *cert. denied,* 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir.1998). Guzzino seeks changes to his prison terms, but he already has pursued one § 2255 motion and did not obtain permission from this court before pursuing another. Thus, the district court was without subject matter jurisdiction. *See* 28 U.S.C. §§ 2244(b)(3), 2255 ¶ 8; *Romandine,* 206 F.3d at 734.

Guzzino, however, argues that he may challenge the validity of his convictions and sentences under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *In re Davenport,* 147 F.3d 605, 608–09 (7th Cir.1998). But if Guzzino seeks to proceed under § 2241, then he must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian. *E.g., Braden v. Thirtieth Judicial Circuit Court,* 410 U.S. 484, 495, 500, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir.2001), *overruled on other grounds by Ashley v. United States,* 266

F.3d 671, 674–75 (7th Cir.2001). Guzzino mistakenly argues that the Northern District of Indiana has jurisdiction because his custodian is the United States Attorney General. But Guzzino did not name the Attorney General as a respondent, and, in any event, the Attorney General would not be a proper respondent. *See Yi v. Maugans,* 24 F.3d 500, 507 (3d Cir.1994) (concluding that prison wardens, not individuals who merely have power to release a prisoner (including an attorney general), are custodians for habeas corpus purposes because they have "day-to-day control over the prisoner and … can produce the actual body"); *see also Hogan v. Hanks,* 97 F.3d 189, 190 (7th Cir.1996) (concluding that if a petitioner under § 2254 is in prison, then the warden of the prison is the proper respondent, not a state's attorney general). Thus, because Guzzino's custodian is the warden of the Federal Correctional Institution in Marianna, Florida, the Northern District of Indiana did not have jurisdiction.

Therefore, either way we analyze Guzzino's final submission—as a § 2255 motion or as a § 2241 petition—it must be dismissed for lack of jurisdiction. And because there is "no difference in purpose and effect, between an order striking an entire pleading and a dismissal order predicated upon fatally defective pleading," *Asay v. Hallmark Cards, Inc.,* 594 F.2d 692, 697 n. 2 (8th Cir.1979) (quoting *Bertucelli v. Carreras,* 467 F.2d 214, 215 (9th Cir.1972)); *see also Skolnick v. Hallett,* 350 F.2d 861, 862 (7th Cir.1965), the district court's order striking Guzzino's § 2241 petition from the record is AFFIRMED.