F I L E D
United States Court of Appeals
Tenth Circuit

May 18, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL HUGGINS,

      Plaintiff-Appellant,

v.

KEVIN CHARLES HILTON; LOUIS
CHARLES DAVIS; BRIGHT STAR
MISSIONARY BAPTIST CHURCH,

      Defendants - Appellees.

No. 05-1466

District of Colorado

(D.C. No. 05-CV-01488)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR, and McCONNELL**, Circuit Judges.

Self-described "Prophet Evangelist Doctor Reverend" Paul Huggins, acting

*pro se* and on behalf of an organization called Kids Against Alcohol, Drugs and

Crime, Inc. (KAADAC), appeals from the order of the district court dismissing

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

his complaint for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. Despite the lenient pleading requirements of Rule 8 and our practice of liberal construction of complaints in favor of *pro se* litigants, we affirm the district court's order of dismissal.

## I. The Complaint

The district court allowed Mr. Huggins to amend his complaint after the first version proved unintelligible. In his amended complaint, Mr. Huggins states that he used to work as a minister at the Bright Star Missionary Baptist Church in Denver ("Bright Star"), one of the named Defendants in the action. He either incorporated or relocated KAADAC, his duly registered nonprofit organization, at the headquarters of Bright Star. Two pastors at Bright Star, Kevin Charles Hilton and Louis Charles Davis, allegedly agreed to serve as board members of KAADAC and are also named as Defendants. At some point Bright Star asked Mr. Huggins to remove KAADAC files from the church and to turn in his key, and Pastor Davis threatened to call the police to have Mr. Huggins removed. Beyond this rough sketch of the sequence of events, it is impossible to discern from the complaint what happened, why the federal courts enjoy jurisdiction over any claims, or why Mr. Huggins might be entitled to relief.

The complaint suggests that the other pastors wrongly prevented Mr. Huggins from preaching at the church. It accuses Pastor Hilton of unspecified "unprofessional and improper" conduct, including a "[d]ominating performance to

-2-

mislead the people of this country and the children within the future that we hold." R. Doc. 3, p. 4–5. The complaint also alleges that Pastor Davis has misled the church about his secret identity and past criminal history, and that he somehow tricked Mr. Huggins into paying a $610.47 T-Mobil cell phone bill. There are additional documents attached to the complaint related to a $75.00 charge—or perhaps a $75.00 donation?—concerning a Cricket cell phone.

Under the heading "Jurisdiction," the complaint states that "[t]his complaint is based on violation religion purposes [sic], and self-discrimination against non-profit corporations" in violation of "the first and second amendment rights" and the right "[t]o petition the Government for redress of grievance's [sic]." *Id.* at 3. It then launches into a discussion of the facts. Under the heading "REQUEST FOR RELIEF," a charitable reading of the language suggests four demands: (1) that Bright Star and its pastors "provide in written statements to theses [sic] allegations that are being alleged," perhaps simply by answering the complaint; (2) that he receive "an apology letter and to correct all outstanding [sic] that the parties have taken action on or against," suggesting some form of injunctive relief; (3) that he receive "the amount that I Minister Paul Huggins, had contributed funds for my monthly ties for Ministry," which perhaps should say "tithes" but in any case is a demand for restitution or money damages; and (4) that the complaint should prompt "an investigation of Fraud committed by Assistant Pastor know [sic] as A.K.A. Lewis Davis," although it is unclear

-3-

whether the church or some other authority would conduct the investigation. *Id.* at 13–14.

The district court, after affording Mr. Huggins an opportunity to amend his complaint, held that "it still is not clear why Plaintiff is suing the named Defendants in this Court in this action." Order & Judgment of Dismissal 3. It therefore dismissed the action without prejudice for failure to comply with Rule 8(a). On appeal, Mr. Huggins reiterates that his complaint states a claim for "Violationa [sic] of the First Amendment Rights, the seconde [sic], Amendment Right [sic], and the Fouteeth [sic] Amendments." Aplt. Op. Br. 2. He characterizes one of the issues in the case as "a criminal act of Identity Theft case [sic]," presumably by Pastor Davis. *Id.* at 3. He also assures us that he has already contacted the Supreme Court concerning his appeal, and that he has diligently complied with Supreme Court rules in preparing his pleadings.

## II. Discussion

In any pleading that sets forth a claim for relief, a party must provide "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These requirements ensure that the complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)

-4-

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Supreme Court has noted that under the federal rules, liberal discovery procedures and summary judgment help "to define disputed facts and issues and to dispose of unmeritorious claims," while the "simplified notice pleading standard" merely represents the first step in a system "adopted to focus litigation on the merits of a claim." *Id.* at 512–14. In addition, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We review a dismissal for failure to comply with Rule 8(a) for abuse of discretion. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

In this case, despite our best efforts to make sense of the complaint, Mr. Huggins has failed to provide a short and plain statement of any claims against the Defendants, and failed to demonstrate that the federal courts may properly exercise jurisdiction over any claims. The only federal laws cited by Mr. Huggins are the First, Second, and Fourteenth Amendments, which might have served as the basis for federal question jurisdiction, *see* 28 U.S.C. § 1331 (granting federal courts jurisdiction over cases arising under the Constitution of the United States), if they were not obviously inapplicable. These constitutional provisions provide protection for acts committed by government or persons acting under color of state law. The defendants here are private persons, and there is no allegation of any act or conspiracy involving state or federal officials. The complaint also fails

to allege facts giving rise to diversity jurisdiction, as the parties all appear to be citizens of Colorado and the amount in controversy is approximately $685.47. *See id.* § 1332(a) (granting federal courts jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states).

For these reasons, the district court did not abuse its discretion in dismissing Mr. Huggins's action for failure to comply with Rule 8(a).

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**. Appellant's motion to proceed *in forma pauperis* is **DENIED** and this case is **DISMISSED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge