**WARNER BROS. ENTERTAINMENT INC. and Twentieth Century Fox Film Corporation, Plaintiffs,**

v.

**IDEAL WORLD DIRECT, et al., Defendants.**

No. 06 Civ. 4174(WHP).

United States District Court, S.D. New York.

Sept. 26, 2007.

Paul B. Gaffney, Esq., Christopher Nicholas Manning, Esq., Emily E. Thacher–Renshaw, Esq., Jonathan I. Kravis, Esq., Patrick J. Houlihan, Esq., Williams

& Connolly LLP, Washington, DC, for Plaintiffs.

Howard F. Strongin, Esq., Strongin Rothman & Abrams, LLP, New York, NY, for Defendant Ideal World Direct.

Douglas Alan Kuber, Esq., Kuber Law Group, P.C., New York, NY, for Defendant Marc Molinaro.

Richard Allen Altman, Esq., New York, NY, for Defendant Matthew Ashworth.

## MEMORANDUM AND ORDER

WILLIAM H. PAULEY, III, District Judge.

Defendants Ideal World Direct, Marc Molinaro ("Molinaro") and Matthew Ashworth ("Ashworth") move to dismiss the Second Amended Complaint or, in the alternative, to sever the claims against each of them into separate actions.[1] For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

For purposes of this motion, the Court accepts the following allegations as true: Ideal World Direct and non-moving Defendant Peter Armstrong ("Armstrong") operate websites at the domain names Flixs.net and IShareIt.com. (Second Amended Complaint, dated December 22, 2006 ("Compl.") ¶ 26.) The websites provide users with software that can download and display unauthorized copies of copyrighted materials, including films. (Compl.¶¶ 27–28.) In addition to software, the sites offer "memberships" of varying duration for fees of between $23.95 and $49.95. (Compl.¶ 29.) Members are granted access to user guides, which provide links to third-party sites where they can download and view copyrighted films without authorization. (Compl.¶¶ 27–28.) Members are also granted access to various trouble-shooting and technical support resources. (Compl.¶ 28.)

Flixs.net and IShareIt.com are "affiliates" of non-party Click Sales Inc. d/b/a ClickBank ("ClickBank"), an internet retailer of "ebooks, software, and other downloadable products" offered by content providers known as "publishers." (Declaration of Jennifer Johannsen, dated April 11, 2007 ("Johannsen Decl.") ¶¶ 1–5.) In essence, Flixs.net and IShareIt.com charge fees to connect their customers with publishers—a service for which they also receive payment from ClickBank. Between July 1, 2003 and March 28, 2007, ClickBank processed 8,253 transactions involving Flixs.net, 379 of which were with New York residents. (Johannsen Decl. ¶ 9.)

Molinaro operates the websites TVShows.org and TVNow.org.[2] (Compl.¶ 84.) In exchange for fees of between $17.95 and $27.80, members of these websites are provided with links to third-party providers of advanced file copying software. (Compl.¶¶ 86–87.) Members are also provided with instructions on illegal downloading and technical support. (Compl.¶ 86.) Plaintiffs have provided no data regarding the total number of transactions these websites engaged in with New York customers.

Ashworth operated a website, MovieAdvanced.org, that acted as a portal to a separate website—MovieAdvanced.com.[3] (Compl. ¶ 32; Declaration of Matthew Ashworth, dated May 11, 2007 "Ashworth Decl." ¶¶ 1–2.) MovieAdvanced.com sells

---

**1.** Defendants C & C Networks, Inc., Chris Cope and Matthew Dickinson originally joined in the motion to dismiss, but all claims against them have been settled.

**2.** TVNow.org was shut down after the filing of the Amended Complaint. (Compl.¶ 84.)

**3.** MovieAdvanced.org was shut down after the filing of the Complaint. (Compl. ¶ 32 n. 1.)

copyright infringing products directly to consumers. (Compl. ¶ 32; Ashworth Decl. ¶¶ 1–2.) MovieAdvanced.org never executed transactions or received money from customers—it merely acted as a pass-through. As owner of MovieAdvanced.org, Ashworth received a fee from MovieAdvanced.com for every transaction consummated by a customer redirected from his website. (Ashworth Decl. ¶ 5.) Such fees usually consisted of around seventy-five percent of the amount paid to MovieAdvanced.com by any given customer. (Ashworth Decl. ¶ 5.)

Plaintiffs Warner Bros. Entertainment Inc. ("Warner Bros.") and Twentieth Century Fox Film Corporation ("20th Century Fox") claim that Defendants operate "interactive websites aimed at residents of New York" and that their operations give rise to "continuous and ongoing business contacts with residents of the state of New York." (Compl.¶ 22.) Plaintiffs further allege in general terms that Defendants have "intentionally engage[ed] in acts that have caused harm to Plaintiffs in New York." (Compl.¶ 22.)

## DISCUSSION

Defendants move to dismiss for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2), failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), and failure to comply with the pleading requirements of Fed.R.Civ.P. 8 and 10(b). In the alternative, Defendants move to sever the claims against each of them into separate actions pursuant to Fed.R.Civ.P. 21.

### I. Personal Jurisdiction

#### A. Legal Standard

■ Plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir.1999). "If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion ... the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990). To make such a showing, the plaintiff may rely on the complaint, affidavits, and other supporting evidence. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999); *Kernan*, 175 F.3d at 240. On a motion to dismiss, the Court must view all allegations in the light most favorable to the plaintiff and resolve all doubts in plaintiff's favor. *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993); *Schultz v. Ocean Classroom Found.*, No. 01 Civ. 7487(DAB), 2004 WL 488322, at *3 (S.D.N.Y. Mar.15, 2004).

■ This Court must look to the law of New York to determine whether it has jurisdiction over a non-domiciliary defendant. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997). In doing so, the Court must conduct a two-part inquiry: "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996). Plaintiffs argue that jurisdiction is proper under N.Y. C.P.L.R. § 302(a), which provides, in relevant part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent: [1] transacts any business within the state or con-

tracts anywhere to supply goods or services within the state . . . ."

### B. *Section 302(a)(1)*

■■ Plaintiffs argue that jurisdiction is proper under § 302(a)(1). "A nondomiciliary transacts business under [C.P.L.R. § ] 302(a)(1) when he purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986) (internal citations and quotation marks omitted). While the Court must look to the "totality of the circumstances" to determine whether this standard is met, even a single New York business transaction may be sufficient, provided the cause of action arises "out of the subject matter of the [transaction]." *Viacom Int'l, Inc. v. Melvin Simon Prods.,* 774 F.Supp. 858, 862 (S.D.N.Y.1991); *see also Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 564 (S.D.N.Y.2000) ("[§ 302(a)(1) ] requires a strong nexus between the plaintiff's cause of action and the defendant's in state conduct.") (internal quotations omitted). Plaintiffs claim that Defendants transacted business in a manner that satisfies § 302(a)(1) because they sold services to customers in New York.

Certain internet activity may satisfy the prerequisites of § 302(a)(1):

> [T]he Courts have identified a spectrum of cases involving a defendant's use of the internet. At one end are cases where the defendant makes information available on what is essentially a "passive" web site. This use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant. At the other end of the spectrum are cases in which the defen-

dant clearly does business over the internet, such as where it knowingly and repeatedly transmits computer files to customers in other states. Finally, occupying the middle ground are cases in which the defendant maintains an interactive website which permits the exchange of information between users in another state and the defendant, which depending on the level and nature of the exchange may be a basis for jurisdiction.

*Citigroup,* 97 F.Supp.2d at 565 (citations omitted); *see also Light v. Taylor,* No. 05 Civ. 5003(WHP), 2007 WL 274798, at *3 (S.D.N.Y. Jan.29, 2007). "Although this 'sliding scale' model provides a useful guide to how courts have approached [personal jurisdiction] in the recent past, it does not amount to a separate framework for analyzing internet-based jurisdiction, and traditional statutory and constitutional principles remain the touchstone of the inquiry." *Freeplay Music, Inc. v. Cox Radio, Inc.,* No. 04 Civ. 5238(GEL), 2005 WL 1500896, at *6 (S.D.N.Y. June 23, 2005).

### 1. *Ideal World Direct*

■ Ideal World Direct operates Flixs.net and IShareIt.com, which transmit files to customers in exchange for membership fees. This activity places them in the class of websites that "knowingly and repeatedly transmit[ ] computer files to customers in other states." *Citigroup,* 97 F.Supp.2d at 565. Moreover, Plaintiffs have submitted evidence that *Flixs.net* engaged in at least 379 such transactions with residents of New York. Accordingly, Ideal World Direct is subject to the personal jurisdiction of this Court pursuant to § 302(a)(1). *See Mattel, Inc. v. Adventure Apparel,* No. 00 Civ. 4085(RWS), 2001 WL 286728, at *3 (S.D.N.Y. Mar.22, 2001) (finding interactive website that consummated transactions with New York customers sufficient to confer jurisdiction); *Philip Morris USA Inc. v. Veles Ltd.,* No. 06 Civ. 2988(GBD),

2007 WL 725412, at *5 (S.D.N.Y. Mar.12, 2007) (same).

### 2. *Molinaro*

■ Molinaro's websites, TVShows.org and TVNow.org, collected membership fees from customers and provided links to third-party download providers. However, Plaintiffs have not averred any specific connection to customers in New York. Plaintiffs' generalized allegation that all sixteen original Defendants had "continuing and ongoing business contacts with residents of the state of New York" (Compl.¶ 22) is insufficient to establish jurisdiction. *Rosenberg v. PK Graphics*, No. 03 Civ. 6655(NRB), 2004 WL 1057621, at *2 (S.D.N.Y. May 10, 2004) (declining to exercise jurisdiction under § 302(a)(1) where plaintiff failed to allege specifically a single transaction between an interactive website and residents of New York). Moreover, because Plaintiffs' jurisdictional averments are generalized, further discovery is not warranted. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir.1998) (affirming dismissal and denying further discovery where plaintiff made only "conclusory non-fact-specific jurisdictional allegations"). This conclusion is reinforced by the fact that Plaintiffs have conducted jurisdictional discovery and amended their complaint twice. Accordingly, all claims against Molinaro are dismissed for lack of personal jurisdiction.

### 3. *Ashworth*

■ Ashworth operated a website, MovieAdvanced.org, which was passive in nature. The website did not sell memberships, communicate with customers, or engage in any form of transaction. Rather, it acted as a pass-through site that redirected all visitors to MovieAdvanced.com. Passive websites of this kind have been "analogized to an advertisement in a na-tionally-available magazine or newspaper," *Citigroup*, 97 F.Supp.2d at 565, and in the absence of additional connections to New York do not render a defendant subject to personal jurisdiction in this Court. *See KCPL, Inc. v. Nash*, No. 98 Civ. 3773(LMM), 1998 WL 823657, at *4–5 (S.D.N.Y. Nov.24, 1998) (finding maintenance of a passive website insufficient to establish personal jurisdiction under § 302(a)(1)). Because this Court lacks personal jurisdiction over Ashworth, all claims against him are dismissed.

## II. *Failure to State a Claim*

### A. *Legal Standard*

■ When deciding a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court must "accept[ ] all factual allegations in the complaint as true and draw[ ] all reasonable inferences in the plaintiff['s] favor." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir.2000). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (quotations and citation omitted); *accord Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### B. *Copyright Act*

■ To state a claim for contributory copyright infringement, a plaintiff must aver that the defendant, "with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the

infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971); *see also Michael Aram, Inc. v. Laurey*, No. 05 Civ. 8380(CSH), 2006 WL 510527, at *2 (Mar. 1, 2006). Secondary liability may be imposed on a defendant who does nothing more than encourage or induce another to engage in copyright infringement. *See Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) ("MGM"). However, "there can be no contributory infringement without the fact or intention of a direct infringement." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 526, 92 S.Ct. 1700, 32 L.Ed.2d 273 (1972).

■ The Second Amended Complaint adequately pleads a claim for contributory copyright infringement against Ideal World Direct. Specifically, it avers that through the website IShareIt.com, Ideal World Direct knowingly induced and caused copyright infringement by offering access to "1 BILLION ... MOVIES, and VIDEOS" including "Full MOVIES and video clips," *inter alia* by noting "Napster Lives On!!!" (Compl.¶ 27.) The Second Amended Complaint also avers that Ideal World Direct facilitated copyright infringement by providing technical support for individuals who had difficulty downloading infringing materials. (Compl.¶ 28.) Finally, the Second Amended Complaint avers primary infringements in both general and specific terms. (Compl. ¶¶ 31, 97 & Ex. 1: List of Copyrighted Items infringed via IShareIt.com.) Defendants' motion to dismiss Plaintiffs' contributory copyright infringement claim is denied.

### C. Lanham Act

■ Defendants move to dismiss Plaintiffs' claim under § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a). Section 1125(a)(1) provides, in relevant part:

Any person who, on or in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

Thus, to state a claim under § 1125(a) Plaintiffs must show either (1) the use in commerce of a word, term, name, symbol, or device, or any combination thereof; (2) false designation of origin; (3) false or misleading description of fact; or (4) false or misleading representation of fact. *See* 15 U.S.C. § 1125(a)(1). In addition, Plaintiffs must show that such conduct gives rise to a "likelihood of confusion," defined as a " 'likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question,' or ... confusion as to plaintiff's sponsorship or endorsement" of the defendant's goods or services. *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 502 (2d Cir.1996) (quoting *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir.1978)); *see also Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 441–42 (2d Cir.2004).

■ The Second Amended Complaint does not allege that Ideal World Direct engaged in false designation of origin, false or misleading description of fact, or false or misleading representation of fact concerning any movie. It does, however, allege that the IShareIt.com and Flixs.net websites used the names of various films, including "Batman Begins," "Mr. and Mrs. Smith," "The Corpse Bride" and "Transporter 2" in commerce in a manner likely to cause a large number of consumers to be misled or confused as to both the "source of the goods in question" and "plaintiff's sponsorship or endorsement" of the downloadable versions. *Hormel,* 73 F.3d at 502 (quoting *Mushroom Makers,* 580 F.2d at 47). (Compl. ¶¶ 31, 107–09 & Ex. 1.) Accordingly, Plaintiffs have stated a claim under 15 U.S.C. § 1125(a).

### III. *Pleading Requirements*

Defendants contend that the Second Amended Complaint should be dismissed for failure to comply with Fed.R.Civ.P. 8(a) and 10(b). This Court disagrees.

### A. *Rule 8*

■ Rule 8(a) provides that a complaint shall contain, *inter alia,* "a short and plain statement of the claim showing the pleader is entitled to relief." Dismissal under Rule 8 is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). To merit dismissal, a complaint must be so long and confusing as to "overwhelm the defendants' ability to understand or to mount a defense." *Wynder v. McMahon,* 360 F.3d 73, 80 (2d Cir.2004); *see also In re Parmalat Sec. Litig.,* 375 F.Supp.2d 278, 311 (S.D.N.Y.2005) (declining to dismiss a 368–page complaint). It is "gener-

ally . . . an abuse of discretion to deny leave to amend when dismissing a non-frivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin,* 861 F.2d at 42.

The Second Amended Complaint is not "confused, ambiguous, vague, or otherwise unintelligible," *Salahuddin,* 861 F.2d at 42, and its true substance is easy to discern. Defendants' motion to dismiss pursuant to Rule 8(a) is denied.

### B. *Rule 10*

Rule 10(b) provides, in relevant part: "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances. . . ." The degree to which the Second Amended Complaint comports with this requirement is consistent with the standard in this Court, and is sufficient to enable each Defendant to file a responsive pleading. Moreover, Defendants' complaints are purely formalistic and not directed to the substance of the pleading. Accordingly, Defendants' motion to dismiss pursuant to Rule 10(b) is denied. *See Pension Committee of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC,* 446 F.Supp.2d 163, 199 (S.D.N.Y.2006) (denying motion to dismiss pursuant to Rule 10(b) where defendants' arguments were "merely formalistic"); *Nat'l Cold Storage Co. v. Port of New York Auth.,* 24 F.R.D. 404, 406 (S.D.N.Y.1959) (denying motion to dismiss pursuant to Rule 10(b) where "[t]he complaint [wa]s not vague or ambiguous so as to prevent the defendant from reasonably framing a responsive pleading").

### IV. *Severance of Claims*

■ Fed.R.Civ.P. 20 provides, in relevant part: "All persons . . . may be joined

in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1421 (S.D.N.Y.1989).

 In light of the dismissal of all claims against Ashworth and Molinaro, the only remaining Defendants in this action are Ideal World Direct and non-movants Armstrong and Cashier Myricks ("Myricks"). Ideal World Direct and Armstrong are alleged to have operated the same websites and there is thus no reason they should be subject to separate actions. (*See, e.g.,* Compl. ¶ 8.) Defendant Myricks has neither moved to sever, nor responded to the Second Amended Complaint. The motion to sever is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, to sever (Docket No. 67) is granted in part and denied in part. All claims against Ashworth and Molinaro are dismissed for lack of personal jurisdiction. In all other respects, Defendants' motion to dismiss is denied.

SO ORDERED: