CLD-032                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3181
_____

DR. ADMIRAL ALA' AD-DIN BEY,
Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE;
UNITED STATES LIBRARY OF CONGRESS;
COMMISSIONER  FOR TRADEMARKS;
NEWARK MUNICIPAL CORPORATION

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-03096)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2011

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Opinion filed :January 11, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    In May of 2011, pro se plaintiff Ala' Ad-Din Bey filed a complaint in which he

requested, inter alia, "[a] Court Order mandating the UNITED STATES DEPARTMENT

OF STATE to issue the Plaintiff a passport demonstrating the Plaintiff's Dual Sovereign National Status as a Free Abyssinian Pangaean Afrimerican Moor for the purpose of correcting all Lawful records of Plaintiff in Isonomic Harmony," as well as a copyright acknowledgment and "A Court Order for Judg[]ment to Quiet Title to all Real Properties." Compl. 3–4, ECF No. 1 (capitalization as in original). The District Court issued an Order to Show Cause, as the complaint did not comply with Fed. R. Civ. P. 8(a), containing neither "a 'short and plain statement of the grounds for the court's jurisdiction' [nor] a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Order 1, ECF No. 5 (quoting Fed. R. Civ. P. 8(a)). Ala' Ad-Din Bey responded, in a fashion, and also filed a notice of appeal.[1] After submitting another document to the District Court labeled "Supreme Exhibit," Ala' Ad-Din Bey filed a second notice of appeal on August 10, 2011, paying the required filing fee. Less than one week later, on August 15, 2011, the District Court entered an order dismissing the case with prejudice for failure to comply with Rule 8, determining amendment to be futile.

Ala' Ad-Din Bey's premature notice of appeal is not fatal to our exercise of jurisdiction. Smith v. Barry, 502 U.S. 244 (1992), allows for a document filed in the Court of Appeals after the District Court enters final judgment to confer jurisdiction if it contains the information required by Fed. R. App. P. 3(c) and is filed within the time limits of Fed. R. App. P. 4(a). Id. at 249. Ala' Ad-Din Bey's "Motion to Consolidate"

---

[1] That appeal was later dismissed for failure to pay the filing fee. See Ala' Ad-din v. U.S. Dep't of Justice, No. 11-3097 (order entered on Aug. 30, 2011).

satisfies this standard: it includes the District Court's dismissal as an attachment, is directed to this Court, incorporates his name and the fact that he has (or had, at the time) two appeals pending, and was filed in a timely fashion, see Fed. R. Civ. P. 58(c)(2)(B). Accordingly, we retain jurisdiction under 28 U.S.C. § 1291 and review for abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Dismissal for violations of Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988), and such a sanction should not be imposed without granting leave to amend the defective pleading. Simmons v. Abruzzo, 49 F.3d 83, 86–87 (2d Cir. 1995). If construed as a civil-rights action, Ala' Ad-Din Bey's complaint clearly could not suffice to give a defendant fair notice of the claim and the grounds upon which it rested. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To the extent that the complaint, if stripped of its accompanying exhibits, could be read as a petition for mandamus (28 U.S.C. § 1361) with regard to the actions or omissions of the State Department, we conclude that a denial of mandamus would not be an abuse of discretion. See Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). The District Court granted an opportunity to amend, but Ala' Ad-Din Bey did not comply with the District Court's instructions, nor did his efforts bring clarity to the pleadings. We agree that further amendment would be futile. See Phillips, 515 F.3d at 228.

3

Therefore, "[b]ecause this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also Third Cir. L.A.R. 27.4; I.O.P. 10.6.