Richard A. SALAHUDDIN,
Plaintiff–Appellant,

v.

Mario CUOMO, Thomas A. Coughlin,
Robert J. Henderson, Robert Abrams,
Peter Sullivan, Douglas Cream, Joseph
Costello, William Komenecki, William
McCormick, John/Jerry Secaur, Stan-
ley Fritz, C.O. Clark, C.O. T.M. Wild,
Correctional Counselor Sullivan, Eu-
gene Lefevre, Daniel Senkowski, R.
Fuller, Lt. Gratto, Lt. Defayette, Sgt.
Kelly, Robert Cox and James Moody,
Defendants–Appellees.

No. 240, Docket 87–2131.

United States Court of Appeals,
Second Circuit.

Argued Oct. 11, 1988.
Decided Nov. 4, 1988.

Richard Akbar Salahuddin, Brooklyn, N.Y., pro se.

Before KEARSE, PRATT, and MAHONEY, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff *pro se* Richard A. Salahuddin appeals from a final judgment of the United States District Court for the Northern District of New York, James T. Foley, *Judge*, dismissing his complaint for monetary, declaratory, and injunctive relief pursuant to, *inter alia*, 42 U.S.C. § 1983 (1982), on account of various alleged deprivations of his rights while he was a New York State prisoner. The court dismissed the complaint *sua sponte* on the ground that its length and detail violated Rule 8 of the Federal Rules of Civil Procedure ("Federal Rules" or "Rules"). For the reasons below, we conclude that Salahuddin should have been given an opportunity to file an amended complaint that complies with the Rules.

## BACKGROUND

The present action was originally filed in the Western District of New York by Salahuddin, then a New York State prisoner, against 22 state officials or employees, complaining of various violations of his civil rights during his incarceration. Salahuddin sought to proceed in forma pauperis, and his complaint came before Chief Judge John T. Curtin. Chief Judge Curtin granted leave to proceed in forma pauperis, but noted in an order dated January 2, 1987, that Rule 8 "requires the plaintiff to set forth his claim by making a short and plain statement showing that he is entitled to relief. This claim, naming at least 22 defendants, setting forth 23 causes of action, numbering 15 pages and 88 paragraphs is clearly in violation of Rule 8 and may be dismissed for that reason alone."

Nonetheless, the court dismissed the complaint only as against two defendants, finding that it failed to state a claim upon which relief could be granted against them. Noting that the remaining defendants apparently resided in the Northern District of New York, that Salahuddin was incarcerated in that district, and that all of the events complained of occurred in that district, the court found that venue properly lay in the Northern District. *See* 28 U.S.C. § 1391(b) (1982). Rather than dismiss the remainder of the action, Chief Judge Curtain transferred the action to the Northern District pursuant to 28 U.S.C. § 1404(a) (1982) ("in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought").

In the Northern District, pursuant to that court's standard procedure for preliminary review of prisoner civil rights complaints, Salahuddin's complaint was referred to a United States Magistrate for a recommendation as to whether the defendants should be required to answer it. The magistrate's report, quoting Chief Judge Curtin's order, recommended that the complaint be dismissed as violative of Rule 8. Judge Foley, after reviewing the entire file, accepted the magistrate's recommendation "for the reasons set forth by Chief Judge John T. Curtin in his Order dated January 2, 1987."

Final judgment was entered dismissing the complaint. Judge Foley denied Salahuddin's motion for leave to appeal in forma pauperis, finding that "there are in my judgment no questions of substance for appeal purposes and certification is hereby made that the appeal is not taken in good faith." *See* 28 U.S.C. § 1915(a) (1982) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Salahuddin has pursued this appeal without the grant of in forma pauperis status. For the reasons below, we conclude that the appeal is not without merit and that a final judgment dismissing the complaint should not have been entered.

## DISCUSSION

To the extent pertinent here, Rule 8 provides that a complaint "shall contain

... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *See, e.g., Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir.1980); 2A *Moore's Federal Practice* ¶ 8.13, at 8–61 (2d ed. 1987). The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969).

When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed.R.Civ. P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir.1969). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 366–67; 2A *Moore's Federal Practice* ¶ 8.13, at 8–81 to 8–82 n. 38.

As a general matter, of course, "[t]he district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion...." 3 *Moore's Federal Practice* ¶ 15.08[4], at 15–64 (2d ed. 1987) (footnotes omitted). In exercising its discretion, however, the court must observe the direction in Rule 15(a) that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); 3 *Moore's Federal Practice* ¶ 15.08[4], at 15–65. Given our jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities, it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8. *See, e.g., Gordon v. Green,* 602 F.2d 743, 745–47 (5th Cir.1979) (ruling that 4000–page pleading should have been dismissed for lack of compliance with Rule 8 but that leave to file amended complaint should be granted); *Bertucelli v. Carreras,* 467 F.2d 214, 215 (9th Cir.1972) (per curiam) (though prolix complaint violated rule 8(a), "ample opportunity for amendment should be provided in all except the most unusual cases").

We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible, *see, e.g., Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (per curiam) (final dismissal appropriate where complaint was "a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and amended complaint failed to cure prolixity and incomprehensibility), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973); *Michaelis v. Nebraska State Bar Association,* 717 F.2d 437, 439 (8th Cir.1983); or where the substance of the claim pleaded is frivolous on its face, *see, e.g., Moorish Science Temple v. Smith,* 693 F.2d 987, 990 (2d Cir. 1982); *cf.* 28 U.S.C. § 1915(d) (1982) (when a plaintiff has moved to proceed in forma pauperis, the court may *sua sponte* dismiss the action if it is "satisfied that the action is frivolous"). The court must bear in mind, however, the well established rules that the complaint of a *pro se* litigant should be liberally construed in his favor, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), that his allegations must be taken as true in considering whether a

claim is stated, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) (per curiam), and that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944). In light of these principles, this Court has repeatedly cautioned against *sua sponte* dismissals of *pro se* civil rights complaints prior to requiring the defendants to answer. *See, e.g., Bayron v. Trudeau*, 702 F.2d 43, 45 (2d Cir.1983); *Fries v. Barnes*, 618 F.2d 988, 989 (2d Cir.1980) (citing cases).

■ In the present case, there is no doubt that Salahuddin's complaint fails to comply with Rule 8's "short and plain statement" requirement. It spans 15 single-spaced pages and contains explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contains a surfeit of detail. In light of the length and detail, the district court was within the bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8.

Despite its length, however, Salahuddin's complaint is neither vague nor incomprehensible, and it clearly pleads at least some claims that cannot be termed frivolous on their face. For example, he asserts that certain of the defendants combined and conspired to deprive him of due process at certain prison disciplinary hearings by, *inter alia*, preventing him from calling witnesses and tampering with testimony of witnesses called. He also asserts that despite timely requests on at least two occasions, he was denied the right to attend religious services. These allegations are sufficiently clear and specific to give the defendants notice of ways in which they are claimed to have violated Salahuddin's rights, and one cannot say that in support of such a pleading Salahuddin can prove no set of facts that would entitle him to relief. Thus, the complaint could not properly

have been dismissed as frivolous, and the dismissal for noncompliance with Rule 8 without leave to amend was an abuse of discretion.

Accordingly, though we affirm the order dismissing the complaint, we vacate the judgment and remand to the district court for entry of an order allowing Salahuddin an appropriate period in which to file an amended complaint that omits unnecessary detail.

Finally, we note that, in reviewing any amended complaint filed by Salahuddin, the court should bear in mind that we have required pleadings under § 1983 to contain more than mere conclusory allegations, *see, e.g., Ostrer v. Aronwald*, 567 F.2d 551 (2d Cir.1977); *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620, 622–23 (2d Cir.1972), *cert. denied*, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973), and that while a plaintiff should not plead mere evidence, he should make an effort to provide "some details of time and place and the alleged effect of the conspiracy," 2A *Moore's Federal Practice* ¶ 8.17[5], at 8–123 to 8–124. Given the fact that Salahuddin has erred on the side of detail rather than vagueness, thereby meeting the notice requirement of the Rules, and the fact that the present complaint contains at least some claims that are not frivolous on their face, we doubt that a dismissal of the present action with prejudice solely on the basis of even an amended pleading will be appropriate. If the amended complaint does not, in the view of the district court, satisfactorily condense the pleading, the court remains free, in accordance with Rule 12(f), simply to strike so much of the amended complaint as it deems redundant or immaterial.

### CONCLUSION

The judgment of the district court is modified to permit Salahuddin to file an amended complaint in accordance with the foregoing.