101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Karl RAGLAND, Plaintiff-Appellant,
v.
COMMISSIONER ABATE, Commissioner of the City of New York
Department of Corrections, Warden Haughton, Warden of the
Queens House of Detention for Men New York Department of
Correction, Correction Officer Peace, Correction Officer at
the Queens House of Detention for Men, New York City
Department of Correction, Correction Officer Dowtin,
Correction Officer at the Queens House of Detention for Men,
New York City Department of Correction, Defendants-Appellees.
 No. 95-2398.
 United States Court of Appeals, Second Circuit.
 May 10, 1996.
 
 1
 Appearing for Appellant: Jeffrey S. Tolk, Fried, Frank, Harris Shriver & Jacobson, N.Y.,N.Y.
 
 
 2
 Appearing for Appellee:Kristen M. Helmers, Ass't Corp. Counsel, N.Y., N.Y.
 
 
 3
 Before KEARSE and ALTIMARI, Circuit Judges and MORAN, District Judge*.
 
 
 4
 Appeal from the United States District Court for the Eastern District of New York.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel for plaintiff and submitted by counsel for defendants.
 
 
 6
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed in part and vacated and remanded in part.
 
 
 7
 Plaintiff Karl Ragland appeals from a judgment of the United States Court for the Eastern District of New York, David G. Trager, Judge, dismissing his complaint brought under 42 U.S.C. § 1983 against various prison officials for alleged violations of his constitutional rights. The court granted defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim on which relief can be granted, on the grounds that defendants Abate and Haughton were not alleged to have had personal involvement in the events at issue, and that the allegations that the two remaining defendants verbally abused plaintiff, denied him access to a grievance committee, and denied him a prison job failed to state a claim under § 1983. On appeal, Ragland contends principally that the district court overlooked the complaint's "core" allegation that defendants violated his First Amendment right to practice his religion. For the reasons below, we conclude that the court properly dismissed the complaint but should have given Ragland permission to file an amended complaint to state proper religion-based claims under the Constitution or pertinent statutes.
 
 
 8
 In his complaint, Ragland, who was pro se in the district court, set out a one-page statement of his claim whose principal allegations appeared to be that defendants Peace and Dowtin responded to Ragland's requests to go to (a) the law library, (b) the inmate Grievance Resolution Committee, and (c) the mental health facility, with abusive, obscene, and demeaning remarks. These claims were properly dismissed by the district court substantially for the reasons stated in Judge Trager's Memorandum and Order dated May 30, 1995.
 
 
 9
 In addition, a summary paragraph of the complaint included the allegation "Denied access to religious services (Juma)(Islamic)." Neither the Rule 12(b)(6) motion nor the district court's opinion mentioned this allegation. Although this allegation was conclusory and was insufficient to prevent dismissal of the complaint for failure to state a claim, it is not clear that Ragland could not plead and prove any set of facts that would entitle him to relief on such a claim, see generally Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991) (court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988). Accordingly, the district court should have given Ragland leave to file an amended complaint setting forth factual allegations with respect to his religion claim sufficient to meet the requirements of Fed.R.Civ.P. 8.
 
 
 10
 So much of the judgment of the district court as dismissed the complaint is affirmed. An amended judgment shall be entered, granting plaintiff leave to file an amended complaint, consistent with the foregoing, within such time as the district court shall allow.
 
 
 11
 No costs.
 
 
 
 *
 Honorable James B. Moran, of the United States District Court for the Northern District of Illinois, sitting by designation