104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Patrick J. PHILLIPS, Plaintiff-Appellant,
v.
MERCHANTS INSURANCE GROUP, Defendant-Appellee.
 No. 96-7084.
 United States Court of Appeals, Second Circuit.
 Sept. 3, 1996.
 
 Patrick J. Phillips, pro se, Saratoga Springs, NY.
 Robert C. Weissflach, Jaeckle, Fleischmann & Mugel, Buffalo, NY.
 Present: MESKILL, KEARSE, MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by plaintiff pro se and by counsel for defendant.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed as modified.
 
 
 3
 Plaintiff pro se Patrick J. Phillips appeals from a judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Chief Judge, dismissing his amended complaint for failure to comply with Fed.R.Civ.P. 8 and 10. For the reasons that follow, we affirm the dismissal, but direct that the judgment be modified to provide that the dismissal is without prejudice to Phillips's filing a second amended complaint that states a claim under Title VII and the ADEA.
 
 
 4
 In order to plead a prima facie case of discriminatory discharge in violation of those statutes, a plaintiff must allege (1) that he belongs to a protected class, (2) that he was performing his duties satisfactorily, (3) that he was discharged, and (4) that his discharge occurred in circumstances giving rise to an inference of discrimination on the basis of his membership in that class. See, e.g., Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir.1995) (Title VII); Spence v. Maryland Casualty Co., 995 F.2d 1147, 1155 (2d Cir.1993) (ADEA). The amended complaint in the present case was deficient for failure to allege that Phillips had performed his duties satisfactorily. Thus, although we conclude that Phillips's amended complaint was in sufficient compliance with Rules 8 and 10 to give defendant notice of the nature of Phillips's claim and permit it to answer the allegations, we conclude that the amended complaint was properly dismissed because it failed to state a claim on which relief can be granted.
 
 
 5
 While dismissal of the amended complaint was thus appropriate on that basis (a basis not reached by the district court), it should not have been dismissed on that ground without giving Phillips at least one opportunity to file a sufficient amended complaint once the substantive deficiency had been identified. See generally Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"); Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend should be freely given); cf. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) (in light of our jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities, it is generally an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8). In the present case, though Phillips was given one opportunity to amend his complaint in order to conform it to the formal requirements of Rules 8 and 10, and was instructed to allege "specific facts" that, if proven, would entitle him to the relief sought, the magistrate judge did not identify what categories of facts, including Phillips's satisfactory performance of his job duties, must be pleaded. Nor, given the amorphous form of Phillips's original complaint, would it have been particularly prudent for the magistrate judge to give such an instruction. However, given that the amended complaint essentially states three of the four elements of a claim for discriminatory discharge, omitting only the element of the plaintiff's satisfactory performance of his job duties, we conclude that Phillips should be given an opportunity to file a second amended complaint alleging, if he can do so in good faith, that he performed his duties satisfactorily. Such a complaint should, of course, also comply with the requirements of Fed.R.Civ.P. 8(a), 8(e), and 10.
 
 
 6
 Accordingly, although we affirm the dismissal of the amended complaint on the ground that it failed to state a claim on which relief can be granted, we direct that the judgment be modified to state that the dismissal is without prejudice to the filing of a new amended complaint within such time as the district court may direct.
 
 
 7
 We reject defendant's contention that the dismissal of the amended complaint should be upheld on statute-of-limitations grounds. It was within the discretion of the district court to find equitable tolling on the ground that the magistrate judge may have unintentionally misled Phillips as to the pertinent deadline. We have also considered defendant's other arguments in support of the judgment and have found them unpersuasive.
 
 
 8
 The judgment of the district court is modified in accordance with the foregoing and, as modified, is affirmed.
 
 
 9
 No costs.