Jeffrey A. **KENNEDY**, Plaintiff,

v.

**N.Y.S.D.O.C.S., Brian Fischer, Carl Oken and Valarie Colon, Defendants.**

**No. 02 CIV. 3534(VM).**

United States District Court, S.D. New York.

June 26, 2002.

Jeffrey A. Kennedy, Ossining, NY, plaintiff pro se.

## ORDER

MARRERO, District Judge.

■ Plaintiff Jeffrey A. Kennedy ("Kennedy"), appearing *pro se,* commenced the present action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to § 2000e–17. Kennedy employed the standard *pro se* complaint form provided to him by the Pro Se Office in this District. On that form, the discriminatory conduct of which Kennedy complains includes unequal terms and conditions of employment and retaliation. Furthermore, Kennedy alleges that he was discriminated against on the basis of his race.

As to retaliation, Kennedy contends that his employer unlawfully retaliated against him because he opposed a practice of discrimination against another employee. Kennedy supplemented his standard complaint form with additional allegations which shed no light on the impenetrable claims that he asserts.

First, while Kennedy alleges discrimination based on race, there are no factual allegations at all in either the complaint form or his attachment that concern his employer's allegedly discriminatory conduct based on race.

Second, although Kennedy's attachment to the complaint discusses an incident involving another Corrections Officer, neither the complaint nor his attachment substantiates what Kennedy's involvement was, the nature of his alleged "opposition" to discriminatory conduct or how his employer retaliated against him. In short, beyond the bald assertion of claims, Kennedy has failed to give this Court and the parties notice of any facts that would give rise to those claims.

■ It is well-settled that pleadings of *pro se* litigants are judged more liberally than those drafted by experienced counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) *(per curiam ).* Nevertheless, a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," may be dismissed *sua sponte* for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (citation omitted). Kennedy's complaint contains no factual allegations that would substantiate any of his assertions, and therefore, it is inherently unclear what claims he seeks to pursue and which events might give rise to those hypothetical claims.

Accordingly, it is hereby

**ORDERED** that the complaint is dismissed with leave to file an amended complaint, within thirty (30) days, consistent with this Order; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**