Nathaniel JONES, Plaintiff–Appellant,

v.

NATIONAL COMMUNICATIONS AND SURVEILLANCE NETWORKS, et al., Defendants–Appellees.

No. 06–1220–cv.

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

Nathaniel Jones, New York, NY, pro se.

Slade R. Metcalf, Hogan & Hartson LLP, New York, NY, for Fox Television Stations, Inc.; Owen M. Robinson, Rosicki, Rosicki & Associates, P.C., Plainview, NY, for Rosicki, Rosicki & Associates and Bruce Johnson; Thurbert E. Baker, Attorney General of the State of Georgia, Kathleen M. Pacious, Deputy Attorney General, John C. Jones, Senior Assistant Attorney General, Aaron B. Mason, Assistant Attorney General, Atlanta, GA, for the State of Georgia; Stuart Rabner, Attorney General of New Jersey, Patrick DeAlmeida, Assistant Attorney General, Trenton, NJ, for the State of New Jersey; William A. Rome, Hoffman & Pollok LLP, New York, NY, for Home Box Office, Inc.; George O. Richardson, Sullivan & Worcester LLP, New York, NY, for King Teleservices, LLC; Brendan T. Fitzpatrick, Ahmuty, Demers & McManus, Albertson, NY, for Shoprite; Brian P. Brooks, Arthur W.S. Duff, Daniel L. Cantor, O'Melveny & Myers LLP, New York, NY, for Ocwen Loan Servicing, LLC; Aaron C. Bock, Quinn, Bock & Tota, PLLC, Yorktown

Heights, NY, for Gerard Joseph and Raphael Joseph; Helen M. Blackwood, Corporation Counsel, Nichelle A. Johnson (Hina Sherwani, on the brief), Mount Vernon, NY, for City of Mount Vernon, Mount Vernon Police Department, Mount Vernon Fire Department and Mount Vernon Board of Education; Laurel A. Wedinger, Barry, McTiernan & Wedinger, Jersey City, NJ, for Met Foods and Western Beef; J. Joseph Curran, Jr., Attorney General of Maryland, Paul D. Raschke, Assistant Attorney General, Baltimore, Maryland, for the State of Maryland; Andrew B. Messite, Casey D. Laffey, Reed Smith LLP, New York, NY, for EMC Mortgage Corporation, as Assignee of Nations Banc; Joseph Serino, Jr., Robert Cohen, Kirkland & Ellis LLP, New York, New York, for Verizon Communications Inc.; Michael J. Garcia, United States Attorney for the Southern District of New York, Kristin L. Vassallo, Kathy S. Marks, Assistant United States Attorneys, New York, NY, for the Department of Health and Human Services, the Centers for Disease Control, and the United States Postal Service; Daniel L. Adams, (Lewis R. Silverman, on the brief), Rutherford & Christie, New York, NY, for Mount Vernon Board of Education, Willie McCray, Al Goodjoin, M.H. Dudley, Thomas Monroe Turner, Kirk Sookdeo, and Larry Barnes; Eliot Spitzer, Attorney General of the State of New York, Robert H. Easton, Deputy Solicitor General, Richard Dearing, Assistant Solicitor General, New York, NY, for the State of New York; Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow, Sabrina Tann, Susan Choi–Hausman, New York, NY, for the City of New York, the New York City Police Department, the New York City Fire Department, and the New York City Sheriff's Department, for Appellees.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff–Appellant Nathaniel Jones, *pro se,* appeals from the January 12, 2006, 409 F.Supp.2d 456, order of the United States District Court of the Southern District of New York (Hellerstein, *J.*) granting defendants-appellees' motions to dismiss Jones's amended complaint in its entirety pursuant to Fed.R.Civ.P. 8 and 12(b). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's dismissal of a complaint on Rule 8 grounds for an abuse of discretion. *See Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995) (reviewing *sua sponte* dismissal pursuant to Rule 8 for an abuse of discretion). "[A] district court abuses its discretion when its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or … its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Wynder v. McMahon,* 360 F.3d 73, 76 (2d Cir.2004) (internal quotations omitted).

Rule 8 requires that a complaint include "a short and plain statement of the claim" sufficient to give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 77 (quotations omitted). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Proc. § 1281, at 365 (1969)). Accordingly,

the district court's determination, that Jones's single-spaced 58–page complaint with 87 additional pages of attachments, alleging over twenty separate causes of action against more than 40 defendants, violated the short and plain statement requirement of Rule 8, was not an abuse of discretion.

Furthermore, contrary to Jones's assertion that he should have been granted leave to amend, the district court did not abuse its discretion by dismissing the complaint without granting such leave. It is within the district court's discretion to deny leave to amend a prolix complaint. None of Jones's responses to the motions to dismiss or his appellate briefs raise any valid arguments, include any claims other than the conclusory conspiracy claims, or respond in any concrete manner to the defendants' defenses. Given the numerous opportunities that Jones has had to clarify or restate his claims, his failure to do so provides a sufficient basis for a finding that granting him leave to amend his complaint would be futile. Because Jones's failure to comply with Rule 8 is a sufficient basis for the district court's dismissal of the complaint, we do not address the sufficiency of the complaint under Rule 12(b). The propriety of the district court's dismissal pursuant to Rule 8 also resolves any issues arising from Jones's assertion that the district court erred by denying entry of default judgment against those defendants who neither answered nor moved to dismiss the complaint. Because the Rule 8 dismissal disposed of the complaint in its entirety, there was no basis upon which the district court could have granted default judgments against some of the defendants. *See Barrett v. Harwood,* 189 F.3d 297, 300–04 (2d Cir.1999) (affirming the district court's denial of default judgment in a § 1983 case on the ground that defendant, against whom default was sought, was a private actor not amenable to suit).

We have considered Jones' other contentions and find them to be without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.