11-1227-cv
*Nurit Kalderon v. Robert Finkelstein, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT:

JOSÉ A. CABRANES,
CHESTER J. STRAUB,
PETER W. HALL,

    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NURIT KALDERON, PH.D.,

    *Plaintiff-Appellant,*

  v.                  No. 11-1227-cv

ROBERT FINKELSTEIN, PH.D., in his individual and official capacities, DIVISION OF EXTRAMURAL RESEARCH NINDS, TIJUANNA E. DECOSTA, in her individual and official capacities, EDWARD D. MYRBECK, in his individual and official capacities, JOSEPH J. PANCRAZIO, PH.D., in his individual and official capacities, MAXINE DAVIS-VANLUE, in her individual and

official capacities, PATRICIA A. KVOCHACK, in her individual
and official capacities, KAREN PLÁ, in her individual and
official capacities,

*Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT**:     NURIT KALDERON, *Pro Se*, New York, New York.

**FOR DEFENDANTS-APPELLEES**:     ALICIA M. SIMMONS, Assistant United States Attorney
(Sarah S. Normand, Assistant United States Attorney,
*of counsel*), *for* Preet Bharara, United States Attorney for
the Southern District of New York, New York.

  Appeal from a judgment of the United States District Court for the Southern District of
New York (Richard J. Sullivan, *Judge*, and Theodore Katz, *Magistrate Judge*).

  **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

  Plaintiff-appellant, Nurit Kalderon, proceeding *pro se*, appeals from a judgment of the
District Court granting the motion of the defendants-appellees to dismiss, pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure, her complaint alleging violations of the First Amendment,
Fifth Amendment, 42 U.S.C §§ 1985(2) and 1986, and various provisions of the Privacy Act of 1974,
5 U.S.C. § 552a *et seq.*[2]  We assume the parties' familiarity with the underlying facts and procedural
history of the case, as well as the issues on appeal.

### DISCUSSION

  We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6),
"accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of
the non-moving party."  *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011).  To survive a Rule

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

[2] Because Kalderon does not challenge on appeal the District Court's dismissal of her fifth,
sixth, and seventh causes of action, we deem those claims abandoned and limit our discussion to her
remaining claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (issues not argued
on appeal are deemed abandoned); *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412
F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even
if the appellant pursued those arguments in the district court or raised them in a reply brief.").

12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Following an independent, *de novo* review of the complaint, we agree with the District Court that Kalderon failed to state claims under the First Amendment, the Fifth Amendment, and 42 U.S.C. § 1985(2), substantially for the reasons set forth in Magistrate Judge Katz's exhaustive and well-reasoned Report and Recommendation of March 10, 2010, recommending dismissal of Kalderon's claims, and Judge Sullivan's thoughtful orders of August 25, 2010, and January 28, 2011, adopting Magistrate Judge Katz's recommendations and *sua sponte* granting summary judgment on Kalderon's claim for amendment of records pursuant to 5 U.S.C. § 552a(d).

## I.    Kalderon's Procedural Arguments Are Without Merit

As an initial matter, there is no merit in Kalderon's argument that the magistrate judge improperly amended her complaint by "culling from [it] only those facts relevant to [her] claims." We have held that when, as here, "a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . , to strike any portions that are redundant or immaterial, . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Kalderon's rambling, 126-page complaint (though submitted by counsel) was neither short nor plain, and contained factual allegations that were often repetitive, inconsistent, and contradicted by documents referenced within it. Far from committing error, the magistrate judge did a service to both the District Court and the parties by arranging the factual allegations in the complaint chronologically and giving it some semblance of order. Having compared the complaint and the Report and Recommendation, we conclude that Kalderon's argument that the latter improperly omitted material factual allegations from the former is without merit.

We take this opportunity to observe that the District Court would have acted well within its discretion in dismissing the complaint (with leave to replead) for failure to comply with Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure.[3] Although we have noted in *pro se* cases that dismissal is disfavored unless the complaint is "so confused, ambiguous, vague, or otherwise

---

[3] According to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

3

unintelligible that its true substance, if any, is well disguised," *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotation marks omitted), the underlying rationale for that pronouncement has significantly less force when a party is represented by counsel, as Kalderon was when she filed her complaint. A party proceeding *pro se* may not be familiar with the pleading standards, but attorneys, as officers of the court, are held to a higher standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, dismissal in this case at the outset with instructions to counsel to replead in compliance with Rule 8 would in all likelihood have obviated the need for the District Court to perform the yeoman's task of doing what counsel was obligated to do in the first place. Such a procedure would also have forestalled Kalderon's challenge to the District Court's culling of the relevant facts. Of course, a well-pleaded complaint benefits all the parties, the district court, and an appellate court as the litigation goes forward. This said, the ultimate decision of whether to proceed in this manner is left to the sound discretion of the trial judge.

Equally without merit is Kalderon's argument that Judge Sullivan failed to conduct a *de novo* review of the Report and Recommendation, as required by Rule 72(b)(3) of the Federal Rules of Civil Procedure. Having ourselves conducted such a *de novo* review, we conclude that the District Court properly adopted the magistrate judge's recommendations. To the extent that any of Kalderon's objections were not specifically addressed by the District Court, this is the result of their lack of specificity. *See Mario v. P&C Food Mkts., Inc*, 313 F.3d 758, 766 (2d Cir. 2002) (objections to a magistrate judge's recommended disposition that lack specificity are insufficient to preserve a claim for review).

Finally, there is no merit in Kalderon's argument that the District Court improperly granted summary judgment *sua sponte* on the portion of her eighth cause of action relating to the amendment of records. We have explained that "a district court may, on an appropriate record, grant summary judgment *sua sponte*—after giving the party against which the court is contemplating such a decision notice and an opportunity to present evidence and arguments in opposition." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178 (2d Cir. 2008). Here, the District Court provided notice of its intent to rule on whether summary judgment should be granted on Kalderon's claim pertaining to the amendment of records, Kalderon filed an opposition to the grant of summary judgment on this claim, and only then did the District Court rule that summary judgment was appropriate. Under these circumstances, it cannot be said that the District Court erred in its procedure for granting summary judgment as to this claim.

## II. Kalderon's Substantive Arguments Are Without Merit

### A. Due Process Claims

The District Court properly dismissed Kalderon's Fifth Amendment due process claims because she failed to allege the infringement of a constitutionally protected property or liberty interest.

Insofar as Kalderon alleged that she had a property interest in a federal research grant (the "Grant"), the Supreme Court has explained that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Kalderon does not allege, nor does she identify, any source that provides an "entitlement" to the Grant, and the regulations governing the Grant provide that it may be terminated without the consent of the recipient. *See* 45 C.F.R. § 74.61(a)(1). As such, it cannot be said that Kalderon possessed a property interest in the Grant. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").

The District Court also properly held that Kalderon did not allege a deprivation of her liberty interest in her professional reputation. In order to state a claim for deprivation of an intangible legal right to one's reputation, commonly known as a "stigma plus" claim, a plaintiff must allege facts showing both "(1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that . . . she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (internal quotation marks omitted). In addition, the "defamatory statement must be sufficiently public to create or threaten a stigma; hence, a statement made only to the plaintiff, and only in private, ordinarily does not implicate a liberty interest." *Id.* The statements Kalderon identifies as being stigmatizing include a private email and Notices of Grant Awards. However, Kalderon makes no allegation that the purported defamatory email was made "sufficiently public to create or threaten a stigma." *Id.* Further, a review of the Notices of Grant Awards shows that there is no statement within them accusing Kalderon of abandoning her research project. Therefore, the dismissal of Kalderon's stigma-plus claim was proper.

5

B.      *First Amendment Claim*

The District Court properly dismissed Kalderon's claim that her First Amendment rights were violated when the defendants retaliated against her for complaining of the mismanagement of Grant funds.

To state a First Amendment retaliation claim, Kalderon must show that: "(1) the expression at issue was constitutionally protected, (2) the alleged retaliatory action adversely affected [her] constitutionally protected expression, and (3) a causal relationship existed between the constitutionally protected expression and the retaliatory action." *Camacho v. Brandon*, 317 F.3d 153, 160 (2d Cir. 2003). The Supreme Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Kalderon stated in her complaint that she was the principal investigator on a federally funded grant and she complained of the alleged mishandling of Grant funds pursuant to her obligations as principal investigator. Consequently, the District Court properly concluded that Kalderon was acting pursuant to her "official duties," and therefore the First Amendment did not protect her from employer discipline as a result of her speech. *See id.*

C.      *Section 1985(2) Claim*

The District Court properly dismissed Kalderon's claim for violation of 42 U.S.C. § 1985(2). That statute forbids "two or more persons . . . [from] conspir[ing] to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, . . . or to injure such party or witness in his person or property on account of his having so attended or testified." 42 U.S.C. § 1985(2). Kalderon's complaint primarily alleged that certain defendants conspired to interfere with her pursuit of federal "whistleblower" litigation against a grantee institution, and that one of the defendants, Kvochak, failed adequately to respond to a non-party subpoena for certain documents in relation to her federal litigation. Her claim fails, however, because she did not "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goora*, 340 F.3d 105, 111 (2d Cir. 2003) (quotation marks omitted).

## CONCLUSION

We have considered all of Kalderon's arguments on appeal and find them each to be without merit. The judgment of the District Court is therefore **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court