**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1131
_____

STRATTON PEAY,
                    Appellant

v.

CO SAGER; CO BERRY; CO SMAIL; SGT RITTENHOUSE; DEPUTY HORTON;
P.A. ENNIS; CHCA KIM SMITH; SUPERINTENDENT MICHAEL OVERMEYER;
DEPUTY OBERLANDER; COUNSELOR KUNIG; COUNSELOR MILLER;
UNIT MANAGER GUSTAFSON; UNIT MANAGER BERTOLINI;
PSYCHOLOGIST SHEASLY; PSYCHOLOGIST COWAN; PSYCHIATRIST SIMON;
HEASLEY; MCKEEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 16-cv-00130)
District Judge: Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2020
Before:  KRAUSE, MATEY, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 22, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Stratton Peay appeals from the order of the District Court dismissing his civil action. We will affirm in part, vacate in part, and remand for further proceedings.

Peay is an inmate of the Pennsylvania Department of Corrections ("DOC"). In June 2016, while housed at the State Correctional Institution-Forest, he filed a pro se civil rights complaint against unit managers and other correctional and health personnel connected with that institution. He alleged that on February 23, 2015, Defendants Sager, Berry, Rittenhouse, and others directed other named inmates to "sneak attack" him, causing injury to his ribs, and that the defendants conspired to obstruct justice by attempting to have him transferred to another prison. Peay further explained that he was framed for his crimes by Detective Lubiejewski (a non-party), and that the defendants committed several wrongful acts to prevent him from exposing that information. As relief, Peay sought monetary damages, along with injunctive relief, a restraining order, and interstate transfer.

On February 13, 2017, the District Court granted the DOC Defendants'[1] motion for a more definite statement and issued detailed instructions to Peay concerning the filing of an amended complaint. The District Court stated that Peay should include clear descriptions of each defendant's involvement in the alleged misconduct, with relevant dates, times, and locations. The District Court also instructed that Peay should distinguish

---

[1] Counsel entered his appearance for DOC Defendants Sager, Berry, Smail, Rittenhouse, Horton, Ennis, Smith, Overmeyer, Oberlander, Kunig, Miller, Gustafson, Bertolini, Sheesley, Cowan, and Simmons. Defendant Zupsic is and was represented by separate counsel. The record does not show that service was made on Heasley or McKeel.

2

between multiple incidents of misconduct by preparing a separate description for each, in separate paragraphs, identifying each as a separate count.

Peay filed an amended complaint in June 2017. The DOC Defendants filed a motion to dismiss, and the District Court allowed Peay to file a Second Amended Complaint. Peay filed his Second Amended Complaint in September 2017, again asserting that Detective Lubiejewski framed him, and that the defendants engaged in a cover up by causing other inmates to attack him, conspiring to have him transferred to a different facility, misdiagnosing him with a mental illness, and misappropriating his funds. In March 2018, the District Court dismissed Peay's Second Amended Complaint, without prejudice to file a Third Amended Complaint to cure the deficiencies outlined in the assigned Magistrate Judge's report and recommendation, as well as to comply with the previously issued directives. Shortly afterward, in response to a letter by Peay, the District Court issued another order, allowing Peay until May 16, 2018, to file a Third Amended Complaint, noting that failure to comply with the pleading requirements set forth in the February 13, 2017 order would lead to dismissal of the action with prejudice.

Peay filed his Third Amended Complaint in April 2018, largely restating his prior allegations but adding new information about his claim that Detective Lubiejewski was at the root of a conspiracy with the defendants. As proof of his claim, Peay included an affidavit that he was attacked in 2015 by an inmate wearing Timberland boots, along with a March 2018 DOC letter concerning the prohibition on inmates purchasing Timberland or Rocky footwear. The DOC Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that the Third Amended Complaint failed to allege

3

sufficient facts to state a claim for relief. Defendant Zupsic filed her own motion to dismiss. Peay filed a motion for extension of time to file a proposed Fourth Amended Complaint, along with a motion to strike and for other relief.

The assigned Magistrate Judge issued a report and recommendation that the defendants' motions to dismiss be granted and that the dismissal be with prejudice, with no further opportunity to amend the complaint. The Magistrate Judge found that Peay's Third Amended Complaint failed to comply with Federal Rule of Civil Procedure 8's requirement of a "short and plain statement" of the claim. Peay filed objections, insisting that his original complaint was short and concise, that the defendants' conduct (such as having inmates assault him) was in furtherance of a cover-up of Detective Lubiejewski's having framed him in his criminal case, and that he had submitted adequately amended complaints. The District Court granted the motions to dismiss, dismissed the complaint with prejudice, and adopted the report and recommendation as the opinion of the court. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 8 for abuse of discretion. See Wynder v. McMahon, 360 F.3d 73, 79 (3d Cir. 2004); In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Rule 8 requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, dismissal for violating Rule 8 "is usually reserved

4

for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Wynder, 360 F.3d at 80 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).[2]

First, we consider the District Court's dismissal concerning Defendant Zupsic. Peay made scant reference to Zupsic in his original complaint, and, as of his Third Amended Complaint, he did not include her in the list of defendants or mention her at all. It appears that Peay abandoned his suit against Zupsic during the District Court proceedings. The District Court's dismissal of Zupsic from the suit with prejudice was appropriate, and we will affirm the portion of its order granting Zupsic's motion to dismiss.

We now turn to the dismissal as to the DOC Appellees. In adopting the Magistrate Judge's report and recommendation, the District Court found that "Peay's latest filing is replete with unintelligible sentences, unnumbered paragraphs, and confused and conclusory statements. The Court cannot identify any cognizable cause of action against any of the DOC Defendants from the pleading." (October 18, 2018 Report and Recommendation at 6-7.) It is true that Peay failed to comply with the District Court's prior instructions to use separate paragraphs for separate counts, and his handwritten complaint is harder to read than a typewritten complaint would be. Yet the complaint is only nine pages long and contains specific details that the District Court did not consider.

---

[2] We stated in Wynder that Rule 8 does not necessarily require--as the District Court here did--that a complaint list separate counts against each individual defendant. See Wynder, 360 F.3d at 80. However, as noted by the District Court, Rule 10(b) does require claims to be stated in numbered paragraphs, and, for the sake of clarity, each claim founded on a separate occurrence must be stated in a separate count. See Fed. R. Civ. P. 10(b).

For example, Peay stated that "Defendants Sager, Berry, Smail, and Rittenhouse, with Defendants Overmeyer, Horton, Oberlander, and Ennis' aforeknowledge, had inmate Rice and Mike attack Plaintiff. Breaking Plaintiff's rib, possibly his left mastoid bone, etc. Retaliation for Plaintiff's having filed a lawsuit [#03:15-cv-00345; #17-1743] earlier that month on 2-10-15. The assault was also designed by these defendants to have Plaintiff illegally 'emergency transferred.'" [sic]. (Third Amended Complaint at 4.) Peay clarified elsewhere in the complaint that this assault by inmates Rice and Mike occurred on February 23, 2015. (See id. at 2, 5, 9.) Peay further stated that Defendants Overmeyer, Horton, Oberlander, Ennis, Miller, and Kunig illegally held him in protective custody, from around February 23, 2015 to August 12, 2015, in violation of prison policy of first considering alternative housing. (Id.) The complaint also described undated acts by McKeel and Smith of misappropriating Peay's funds for sick calls, and by Horton, Oberlander, Ennis, and Overmeyer in denying him a job as part of a larger conspiracy to squelch his complaints about Detective Lubiejewski's malfeasance. (Third Amended Complaint at 5.)

Thus, we disagree with the DOC Appellees' characterization of Peay's Third Amended Complaint as "a mass of confusion and ambiguity." DOC Appellees' Brief at 7. Indeed, it is evident from their brief that they understood that Peay's complaint contained allegations that DOC Defendants-Appellees mistreated Peay in retaliation for his accusations concerning Detective Lubiejewski. Despite the DOC Appellees' assertions to the contrary, Peay's Third Amended Complaint did contain allegations connecting individual defendants with specific occurrences of wrongdoing. The District Court's decision does not reflect any consideration of whether these or any other allegations against

6

individual DOC Defendants satisfied Rule 8, before denying allowance for any further amendment for futility reasons and dismissing the action with prejudice against the DOC Defendants. We will therefore vacate the dismissal of Peay's complaint against this group of defendants and remand for the District Court to address the allegations in the first instance. We express no opinion on whether Peay's allegations have any merit.

Thus, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.