**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2560
_____

PALANI KARUPAIYAN; P. P.; R. P.

v.

L. NAGANDA, individually and in his official capacity as Owner of Naga Law Firm;
NAGA LAW FIRM; J. RAMYA; P. JAYABALAN; J. RANJEETHKUMAR;
ARUL THIRUMURUGU; ATLANTIC REALTY DEVELOPMENT CORP
AND MIDDLESEX MANAGEMENT; MIDDLESEX MANAGEMENT INC;
OAK TREE VILLAGE; DAVID HALPERN, individually and in his official capacity as
CEO, Owner of Atlantic Realty Development Corp, Middlesex Management,
Oak Tree Village; D&G TOWING; GLENN STRAUBE, individually and in his
official capacity as owner of D&G Towing; COUNTY OF MIDDLESEX;
STATE OF NEW JERSEY; TOWNSHIP OF EDISON

PALANI KARUPAIYAN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-12356)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 22, 2021
Before: KRAUSE, BIBAS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 3, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

Palani Karupaiyan, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey granting a motion to dismiss his amended complaint. For the following reasons, we will affirm.

Karupaiyan filed a 180-page, single-spaced civil complaint against many individuals and corporations, including lawyers, realtors, and state judges, as well as multiple municipal entities. (ECF 1.) The District Court dismissed the majority of the complaint without prejudice for failing to comply with Federal Rule of Civil Procedure 8's mandate that the complaint contain "short and plain" statements of the claims. (ECF 3.) The District Court did, however, dismiss with prejudice claims brought against the judges in their official capacities and claims which sought to overturn the judges' rulings, holding that they were barred by complete judicial immunity and the Rooker-Feldman doctrine, respectively. The District Court provided Karupaiyan with 30 days to file an amended complaint.

Karupaiyan complied with that order, filing a lengthy amended complaint. (ECF 7.) One of the named defendants, the County of Middlesex, filed a motion to dismiss, arguing that the complaint failed to contain a short and plain statement of the claims, see Fed. R. Civ. P. 8(a), and failed to state a claim upon which relief may be granted, see Fed. R. Civ. P. 12(b)(6). (ECF 33.) Karupaiyan opposed that motion (ECF 35), and the

_____

constitute binding precedent.

2

County of Middlesex filed a reply. (ECF 36.) Karupaiyan also filed a motion for a permanent injunction, seemingly alleging corruption in New Jersey's judicial appointment system. (ECF 38.) The District Court granted the motion to dismiss, holding that the amended complaint "fails to provide a clear narrative of either the factual or legal basis for [Karupaiyan's] claims." (ECF 44 & 45.) In its order, the District Court stated that further amendment of the complaint would be futile. (ECF 45.) The District Court also denied Karupaiyan's motion for a permanent injunction. Karupaiyan filed a notice of appeal (ECF 46), which he later amended.[1] (ECF 48.)

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). We review the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8 for an abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d

_____

[1] In addition to seeking review of the order granting the motion to dismiss and denying his request for an injunction, Karupaiyan identified in his notices of appeal orders dismissing his first complaint (ECF 3), denying his motion to seal the docket (ECF 41), denying his motion for appointment of counsel (ECF 42), as well as various case management orders (ECF 19, 23, 30, and 43). With respect to the dismissal of the first complaint, Karupaiyan has not identified any error in the District Court's conclusion that the complaint failed to meet the requirements of Rule 8 and he failed to demonstrate that the District Court erred in determining that absolute judicial immunity barred the claims brought against the state judges. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (holding that judicial immunity extends to judicial officers, even if their actions were "'in error, w[ere] done maliciously, or w[ere] in excess of [their] authority,'" unless the officers acted in clear absence of all jurisdiction (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006))). In addition, we discern no abuse of discretion in the District Court's denial of Karupaiyan's remaining motions. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (noting that the denial of a motion for appointment of counsel is reviewed for abuse of discretion); In re Cedent Corp., 260 F.3d 183, 197 (3d Cir. 2001) (providing that review of an order denying a motion to seal is for abuse of discretion); Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (explaining that "we accord district courts great deference with regard to matters of case management").

3

Cir. 1996). We also review the denial of a motion for a permanent injunction for abuse of discretion, which "exists where the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'" Citizens Fin. Grp., Inc. v. Citizens Nat'l Bank of Evans City, 383 F.3d 110, 126 (3d Cir. 2004) (quoting A.C.L.U. of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1476 (3d Cir. 1996)).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re: Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). A complaint must "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]" Glover v. FDIC, 698 F.3d 139, 147 (3d Cir. 2012) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)).

We construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019). Nevertheless, we conclude that Karupaiyan's amended complaint failed to comply with Rule 8. The amended complaint consisted of 337-pages and 1449 separately numbered paragraphs, plus a single-spaced 60-paragraph, eight-page prayer for relief. He identified approximately 30 defendants and cited over 50 laws as bases for relief. The

4

prolix amended complaint, however, failed to explain how those defendants violated his rights under those laws. Instead, Karupaiyan provided a disjointed factual narrative that included descriptions of, among other things, a stolen bicycle, divorce proceedings, a landlord-tenant dispute, alleged corruption in the New Jersey judicial system, and incidents of domestic violence. That narrative was unconnected to any potential claims or purported grounds for liability. And, notably, the amended complaint was filed after Karupaiyan's original pleading had been dismissed based on Rule 8 deficiencies. Cf. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that courts have power to dismiss a "prolix complaint" without leave to amend where such leave "has previously been given and the successive pleadings remain prolix and unintelligible"). Under these circumstances, we conclude that the District Court did not abuse its discretion in dismissing Karupaiyan's amended complaint without leave to amend for failure to comply with Rule 8.[2] See Garrett v, 938 F.3d at 92 (stating that "the question before us is not whether we might have chosen a more lenient course than dismissal … but rather whether the District Court abused its discretion in ordering the dismissal").

The District Court also did not abuse its discretion in denying Karupaiyan's motion for a permanent injunction, which seemingly sought to prevent the appointment of justices to the New Jersey Supreme Court. Karupaiyan vaguely asserted that "court packing" "discriminate[s] and violate[s] the civil rights, equal employment opportunities,

---

[2] We note that Karupaiyan's proposed second amended complaint is 364 pages. (ECF 31); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (stating that a plaintiff is entitled to amend a complaint that fails to state a claim unless amendment would be inequitable or futile).

5

[and results in] age discrimination ….'' (ECF 38, at 2.)  These allegations, however, fail

to set forth with any specificity how Karupaiyan would be irreparably injured by the

denial of injunctive relief or how banning the appointment of state supreme court justices

would not result in greater harm to the nonmoving parties.  See Shields v. Zuccarini, 254

F.3d 476, 482 (3d Cir. 2001) (discussion factors to consider in deciding whether to grant

a permanent injunction).

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] Karupaiyan's letter motion to strike the appearance of Middlesex County and to expedite the appeal is denied.  Middlesex County's motion for permission to file an opposition brief out of time is granted and the Clerk is directed to docket in this case the brief that was filed in C.A. No. 21-1813 on November 23, 2021.